LOUIS J. YARRUT, Judge ad hoc.
The plaintiffs (husband and wife) sue the defendants (father and son) for damages sustained as a result of an intersec-tional automobile collision. The husband sues for property damage, medical bills and car rental, and the wife for her personal injuries.
The defendant son, referred to hereafter as “son”, was the driver of an automobile which he had borrowed from an “in-law”. The father was made defendant solely on the ground that a parent is responsible for the.torts of his unemancipated minor son.
The defense is a general denial and an alternative plea of contributory negligence of both plaintiffs, and the special plea of the father that his son was not living with him. at the time of the accident, was not being supported by him, and was not under his supervision or control.
The district judge cast the defendants in solido in the sum of $1,028.89 for the husband and $750 for the wife.
From this judgment the defendants have appealed, but the appeal of the son was dismissed by this Court, 55 So.2d 585. The plaintiffs have answered the appeal asking for an increase in their respective awards.
Before considering the liability of the father, or quantum, it is first necessary to dispose of the question of liability vel non of the son.
The accident happened on Christmas Eve of 1947, about 7 P.M., at the intersection of Jackson Avenue and Baronne Street in the City of New Orleans. It was cold and wet. Both streets are .paved streets. Jackson Avenue is a two-way street with public transportation. Baronne Street is a one-way street with traffic moving uptown. Both streets are 40 feet wide. Traffic moving on Baronne Street is regulated by a “Stop” sign. Traffic moving on Jackson Avenue is regulated by a “Slow” sign.
The facts, as clearly established by the evidence, are that, the Buick, in which the plaintiffs were riding, was approaching the intersection of Baronne .Street at about 20 or 25 miles an hour and, when nearing Baronne Street, the husband saw a Yellow Cab on Baronne Street approaching Jackson Avenue. He immediately checked his speed to ascertain what the Yellow Cab would do. The Yellow Cab stopped, as did another automobile abreast of the cab at the intersection, both conceding plaintiffs’ right-of-way. Plaintiffs’ automobile then proceeded across the intersection and passed the Yellow Cab and the other car when the automobile driven by the son entered the intersection without stopping and a collision ensued.
The defendant son was guilty of negligence in not stopping in obedience to the stop sign; in not observing that the cab and another car had stopped to permit plaintiffs’ car to proceed; and in not honoring plaintiffs’ right-of-way.
James N. Brooks, a guest in the son’s automobile, testified in answer to Interrogatory No. 8 of his deposition that the son’s car was going uptown on Baronne Street, slowed down almost to a stop at Jackson Avenue, and proceeded to cross at a speed of 12 miles per hour. In answer to interrogatory No. 24, he testified that the son’s car proceeded uptown after the accident, bumped the curb on the right side of Baronne Street, crossed Jackson Avenue, and stopped against a parked car, and that plaintiffs’ car remained in the intersection, turned sideways about 10 feet, the front end pointing at an angle towards uptown.
Plaintiff husband had the right-of-way, which was conceded to him by the cab and the other car stopped at the intersection. The son could easily have seen this had he kept a proper lookout and stopped at the intersection in obedience to the “Stop” sign before entering the intersection at 12 miles an hour. The defendant son was clearly guilty of negligence.
With reference to the charge of contributory negligence: when plaintiff (husband) saw the taxicab and the other car stop at the intersection on Baronne Street to accord him the right-of-way which he had, he had a right to assume that all other cars approaching Jackson Avenue would also stop in obedience to the Stop sign and *841 his right-of-way. The plaintiff (husband) therefore was not guilty of contributory negligence and the accident occurred solely and only because of the negligence of the son.
The father argues his nonliability on the ground that his son was not living with him at the time and was self-supporting. It is conceded that the son was a minor when the accident occurred.
The responsibility of parents for the torts of their unemancipated minor children is found in LSA-C.C. Articles 237, 2317 and 2318. Article 2318 imposes upon the father responsibility for the damage occasioned by his minor or unemancipated child residing with him, or placed by him under the care of other persons. A minor not emancipated can have no domicile other than that of his mother, father or tutor, and the domicile of the father is the domicile of the son. LSA-C.C. Art. 39. A child cannot quit the parents’ house without the permission of his father and mother. LSA-C.C. Art. 218. See Toca v. Rojas, 152 La. 317, 93 So. 108.
The facts pertinent to this issue are: In 1939 the father’s wife and son’s mother died, leaving him with seven children ranging in ages from five to seventeen years. The defendant son was born on November 26, 1927, and was then eleven years old. The father did considerable traveling so he established a home on Serantine Street for his children, and designated the eldest daughter to act as mother to them. In 1942 the father remarried and took up an abode elsewhere with his second wife. He continued to maintain the home for the children, paid the rent, gas and electricity, and otherwise contributed as best he could on his rather meager salary to their support, which was supplemented by the earnings of the children as they finished school. The defendant son from the age of 14, to the present time, has helped to support the family. When the father left the house on Serantine Street, after his remarriage, he continued to leave the children in the care of his eldest daughter. He continued to pay the rent, gas and electricity and contributed as best he could for their support supplemented by the earnings of the children as they left school and went to work. He testified (with respect to his eldest daughter) as follows:
“I put her in charge of them and they all listened to her when I was away and she was running the place for me.”
When asked if this was in 1942, he answered: “From 1942, really,” and that “she occupies that position up to now, and she is twenty-eight years old now.”
In view of the fact that the father upon his remarriage, for reasons of his own, wished to live alone with his second wife, and established a separate home for his children with his eldest daughter in the role of mother.to the other children, brings him within the purview of Article 2318, LSA-C.C., which imposes upon a father responsibility for his minor children placed by ■him wider the care of mother. The father is therefore bound in solido with his minor son for the tort committed by the latter.
On the question of quantum, the four items of damage claimed by the husband are $662.39 for repairs to the automobile, $16.50 for medical and ambulance bills, $90 for damage to clothing of Mrs. LaRue and $300, the amount paid for rental of automobiles while the damaged car-was undergoing repairs.
 The rental item of $300 must be disallowed because plaintiff did not prove with legal certainty that he had paid this item. The damaged automobile was in the repair shop for nearly four months with the explanation that it took that long to get parts. Plaintiff husband was unable to explain the delay other than to say that the insurance company kept saying that they could not get needed parts. In his supplemental petition, plaintiff husband gave the names of two of his friends from whom he rented- — one, an automobile at $10 per week; and another, a truck, at $25 per week. Neither of these friends appeared, nor was there any written receipt produced for the rent. The husband was employed at $85 a week, and represented he had to furnish and maintain his own automobile while on duty seven days a *842 week. His employer was never called to corroborate his testimony. Accordingly, he has not proved this item with the legal certainty required by law, though the proof was within his control.
With reference to the automobile repairs Mr. Bohn, of the Bohn Motor Company, testified that he made the estimate and received payment for the repairs. There is stipulation in the record that $562.39 was paid to the Bohn Motor Company as testified to by Mr. Bohn.
With reference to the clothing damage of Mrs. LaRue: The coat she was wearing was damaged together with some other personal apparel. .As the weather was cold, it was very likely that she did wear a coat and it was damaged in the accident. From the evidence it appears to us that an allowance of $50 for these items is adequate.
Accordingly, the amount to be recovered by the plaintiff husband should be $628.89, and not $1,028.89.
With reference to the wife’s pain, suffering and disfigurement, the district judge allowed her $750. The wife ultimately fell to the street in spite of the efforts of her husband to hold her. She remained in the street for some 45 minutes before the arrival of the ambulance. In the meantime the police crash truck gave her first aid, and neighbors covered her with blankets to protect her from the cold and shock.
Mrs. LaRue suffered a 5" cm. laceration in the right frontal region of the scalp necessitating the taking of six stitches which have left a permanent scar. This Court has allowed for a similar scar $1,000. See May v. Cooperative Cab Co., La.App., 52 So. 74. While the scar is concealed in the forehead right under the hairline, it is permanent and could very easily become fully visible and an ugly disfigurement. She suffered minor abrasions and was given antitetanin serum; was confined to her home about one week, and it was several weeks before she could resume her work as a legal secretary. The allowance of $750 for pain and suffering and for the scar appears to be inadequate and should be increased to $1,250.
Accordingly, the judgment in favor of George LaRue insofar as it runs against defendant, Louis J. Adam, is reduced to the sum of $628.89, and the judgment in favor of Mrs. Virginia Ellis LaRue, insofar as it runs against defendant, Louis J. Adam, is increased to $1,250, and as thus amended and in all other respects the judgment is affirmed. Costs of appeal are to be borne by appellants.
Amended and affirmed.
JANVIER, J., absent, takes no part.