REGAN, Judge.
The plaintiff, Frank J. Tripoli, filed suit against the defendants, Jack Gurry and his mother, Lula Mae Bankston, divorced wife of Edward Phillip Gurry, and Lumberman’s Mutual Casualty Company, her personal liability insurer, endeavoring to recover the sum of $69,375.07, representing damages for personal injuries which he asserts were incurred as the result of an assault and battery committed upon him by Gurry.
Aetna Casualty and Surety Company intervened herein requesting reimbursement of $2,116.41 representing the amount expended by it for compensation paid to the plaintiff on behalf of his employer, Katz and Besthoff, Inc.
A dilatory exception was pleaded in defense of Jack Gurry setting forth his minority and incapacity to stand in judgment. Mrs. Gurry pleaded the exception óf no cause of action predicated on the hypothesis that she was not liable to the plaintiff as a result of the rationale emanating from Civil Code Article 2318 since she was not formally qualified or confirmed as tutrix of her son, Jack Gurry.
The lower court rendered judgment in favor of Jack Gurry, subject to the right of the plaintiff to appoint a legal representative for him, and also rendered judgment maintaining the exception of no cause-of action filed by Mrs. Gurry.
From the latter judgment, the plaintiff has prosecuted this appeal.
The record, which consists only of the allegations contained in the plaintiff’s petition together, of course, with the excep *542 tions, reveals that on April 26, 1964, the defendant, Jack Gurry committed an assault and battery upon the plaintiff, which resulted in a rather serious injury. Gurry is an unemancipated minor residing with his mother, the other defendant herein. Mrs. Gurry was awarded the care, custody, and control of her son by virtue of a judgment of the Civil District Court for the Parish of Orleans on July 11, 1962, as an adjunct to a suit for separation from bed and board filed by her against her husband, Edward P. Gurry.
The petition also asserts that subequent to the foregoing custody award, the defendant was granted the permanent custody of Jack Gurry in conjunction with a divorce rendered by the Chancery Court of Hancock County, Mississippi. However, respective counsel have stipulated that the foregoing allegation was erroneously asserted since the decree of the Chancery Court did not award custody of Jack to the plaintiff, but on the contrary explicitly withheld the rendition of such a judgment for the reason that it did not possess jurisdiction over the child, who was residing in Louisiana.
The defendant, as we have said, predicates her defense upon the rationale emanating from the Civil Code Article 2318, which reads:
“The father, or after his decease, the mother, are responsible for the damage ■occasioned by their minor or unemanci-pated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
“The same responsibility attaches to the tutors of minors.”
The defendant initially argues that, since the child’s father is living, she cannot be held responsible “for the damage occasioned by” her son in view of the foregoing codal article. In addition thereto, she insists that she is not the natural tutrix of her son, since she has never formally qualified as such.
Civil Code Article 250 [1] provides for tutorship by nature. As originally enacted, the article provided that tutorship of a minor child belongs “of right” to the survivor on the death of either parent. This article was amended by Act 196 of 1924, to additionally provide that upon divorce or judicial separation from bed and board of the parents, the tutorship of a minor child belongs “of right” to the parent “under whose care he or she has been placed ‡ 5fC »
It is not disputed that the care, custody, and control of the minor child was granted to the defendant in the separation proceeding which she instituted against her husband in Orleans, Parish. However, she argues that she no longer has the legal custody of the child in view of the Mississippi judgment of final divorce rendered by the Chancery Court of Hancock County. In support of this statement, she relies upon the case of Thornton v. Floyd,[2] as authority for the proposition that a final judgment of divorce abates all judgments of separation from bed and board, including all incidents flowing therefrom. An analysis of this case clearly reveals that the sole issue posed therein for the court’s consideration was the right of the wife to collect alimony for the support of her two minor children which allegedly accrued after the date of the final judgment of divorce.
*543 Therefore, any language contained therein involving the effect of a final divorce upon a judgment awarding child custody is simply obiter dicta. Moreover, the opinion of the court is clear to the effect that the only matter considered was the subject of alimony, so that the effect of a final divorce upon child custody was not, in any manner, encompassed by the ratio decedendi thereof.
To reiterate, the final judgment of divorce rendered in this case was one emanating from a Mississippi court, which explicitly recognized the absence of its jurisdiction over the custody of Jack Gurry and which deliberately refrained from rendering a decree in connection therewith.
In any event, we are compelled to reach the inevitable conclusion that the defendant continues to possess legal custody of her son as a result of the explicit language contained in the judgment of separation from bed and board rendered by the Civil District Court for the Parish of Orleans, which in our opinion, continues in full force and effect until it is explicitly abrogated by a subsequent custody judgment.
The defendant also insists that whether or not she possesses custody of her son, she is not his tutrix since she has never formally qualified as such.[3] In other words, she contends that Civil Code Article 250 grants her the right, after divorce or judicial separation, to become the natural tutrix of her son, but does not ipso facto place her in this position. She therefore concludes that she is the tutrix of the child “of right”, but not as a matter “of law”.
The defendant has obviously overlooked Civil Code Article 253 which provides that the surviving mother is not compelled to accept the tutorship of her minor children, but:
“ * * * in case she refuses, she shall be bound to fulfill the duties of a tutor, until she has caused a tutor to be appointed.”
The rationale of the foregoing article was, in effect, tailor made for this case especially when read in conjunction with Civil Code Article 250 which in essence provides that upon divorce or judicial separation, the tutorship of the minor child belongs of right to the parent under whose care he has been placed, and Article 2318 which, it will be recalled, stipulates that the father, or, after his decease, the mother, are responsible for the damage occasioned by their minor children and that “[t]he same responsibility attaches to the tutors of minors”.
In view of what we have said herein-above, it is apparent that the lower court erred when it maintained the exception of no cause of action pleaded on behalf of Mrs. Gurry.
For the foregoing reasons, the judgment of the lower court maintaining the defendant’s exception of no cause of action is reversed, and the case is remanded to the lower court for such further proceedings as its nature may ultimately require.
The defendant is to pay all costs of this appeal and all further costs are to await the final determination hereof.
Reversed and remanded.

. “Upon tlie death of either parent, the tutorship of minor children belongs Of right to the other. Upon divorce or judicial separation from bed and board of parents, the tutorship of each minor child belongs of right to the parent under ■whose care he or she has been placed or to whose care he or she has been entrusted.
“All those cases are called tutorship by nature.” (As amended by Acts 1924, No. 196.)

. 229 La. 237, 85 So.2d 499 (1956).

. Art. 4061 et seq. of the Code of Civil Procedure provide for the formalities of taking an oath of office, causing an in- . ventory to be made of the minor’s property and furnishing security for the faithful performance of the duties of a natural tutor.