HOOD, Judge.
Plaintiff, Bryant Ford, sues for damages for personal injuries allegedly sustained by him as the. result of a motor vehicle collision. One of the cars involved was owned by plaintiff, and was being driven by Leamon H. Robson. The other vehicle was owned by the defendants, Mr. and Mrs. Loyd R. King, Sr., and was being driven by their 14 year old son, Loyd R. King, Jr. Judgment on the merits was rendered by the trial court in favor of defendants, and plaintiff has appealed.
This is a companion to the case of Robson v. King, 193 So.2d 905, which is being decided by us on this date.
The accident occurred during daylight hours on January 8, 1964, on U. S. Highway 171, near Florien, Louisiana. The highway at that point is a hard surfaced, two lane, straight and level thoroughfare, running north and south. It was raining and the highway was wet at the time the accident occurred.
Immediately before the cars collided, young King backed his parents’ car out of a private driveway onto the above mentioned highway. The driveway was located on the west side of that thoroughfare. After backing out of the driveway, and while on the highway, the right rear door of the King car was struck by the left front portion of the car being driven by Robson.
Plaintiff was riding as a passenger in his own car, being driven by Robson, and he was asleep when the accident occurred. As a result of that collision he sustained the injuries which form the basis for this suit.
The only eyewitnesses to the accident were the drivers of the two vehicles and a passenger in the King car. Robson testified that he was driving south on the highway at a speed of about 50 miles per hour, that he observed King backing out of the driveway into the highway ahead of him, that he thought at first that King would stop when the back of his car reached the edge of the roadway, and that as soon as he noticed that King did not intend to stop he applied his brakes but was unable to avoid a collision. His testimony, as we understand it, is that as King backed out of the driveway he turned his front wheels so that his car faced in a southwesterly direction, and that the collision occurred while the car was being backed out of the driveway and while it was facing in that direction. He is firm in his statement that the King car was facing at an angle across the highway when it was struck, and that it was not facing south as contended by King.
Young King testified that when he backed out of the driveway he saw no cars approaching, that after backing across the center line of the highway and partially into the northbound lane of traffic, he then *904 pulled forward and to his left a distance of about IS feet, that his car stopped at that point because it was out of gas, and that he was trying to start the car when the accident occurred a few moments later. He stated that at the time the accident occurred his car was facing south, that it was in the southbound lane of traffic, and that it was going in the same direction as was the Robson car. He testified that the Robson car “sideswiped” him.
King’s testimony is supported by that of his passenger, Carl Chance. Chance further testified that when the collision occurred the King car was “straight” on the highway, facing south in its southbound lane of traffic, that the Robson car did not go on the shoulder of the road at all, that the King car was struck “on the right hand side,” and that the Robson vehicle “hit us from the back.” He stated that he did not see the Robson car at any time before the accident occurred, and that he did not know it was back there until he “heard the noise.”
The state trooper who investigated the accident testified’that the collision occurred in the southbound lane of traffic, and that the 'damages to both vehicles showed that the left front portion of the Robson car struck the right rear door of the King vehicle. He found nothing to indicate that the Robson car had been driven on the west shoulder of the road before the collision occurred, but his testimony shows that after the collision the Robson car entered and skidded on the west shoulder of the highway, a distance of about 105 feet before it came to rest.
The trial judge observed that “the stopping distance under favorable conditions for an automobile traveling 50 miles per hour is approximately 80 feet,” and he reasoned that since Robson skidded 105 feet “he was obviously driving too fast under the circumstances.” The trial judge also held that the evidence was “so contradictory that it cannot be reconciled, and that plaintiff’s claim must fail because of lack of a preponderance of the evidence.” For these reasons judgment was rendered in favor of defendants, rejecting plain-' tiff’s demands.
We are unable to agree with the trial judge in his observation that the stopping distance of an automobile being driven at a speed of 50 miles per hour is approximately 80 feet. The stopping distance charts which we have examined indicate that under ideal conditions, which did not exist here, a distance of from 153 to 258 feet are required for stopping an automobile being driven at that speed, including reaction tirue. See LSA-R.S. 32:342; Uniform Table of Driver Stopping Distances, Am.Jur.2d Desk Book, Doc. 176, Page 456; Blashfield Automobile Law and Practice, Sec. 6237, Page 413; 14 Tul.L.Rev. 503 (1940); Driver’s Guide of Louisiana Department of Public Safety (1957), P. 23; Traffic Institute, Northwestern University, May, 1957, Exhibit 9, Page 15. We have found no such chart which gives the braking distance alone as being as low as 80 feet. Also, we think the trial judge erred in concluding that Robson was speeding because he skidded 105 feet after the collision occurred. The evidence shows that this skidding occurred on the wet shoulder of the highway, while the car was out of control following the collision, and we think a stopping distance chart cannot serve as a true indicator of the speed the car was traveling under those circumstances.
The evidence establishes that the Robson car was in its proper lane of traffic at the time the accident occurred, and that the collision occurred in that lane. Since the left front portion of the Robson car struck the right rear door of the King vehicle, it is obvious that the two cars were not facing in the same direction at that moment, and thus the accident could not have occurred as related by King and his passenger. It is apparent from the physical facts found after the accident that the King vehicle was facing in a *905 southwesterly direction when the collision occurred, and that it was in such a position on the highway that the right rear door of that vehicle was in the southbound lane of traffic near the center line of the highway. We are convinced that the accident occurred substantially as stated by Robson.
We believe that young King backed his car into the highway from a private driveway, directly in the path of the oncoming Robson vehicle, in such a manner that it was impossible for Robson to avoid striking the King car. Our conclusion is that King was negligent in failing to yield the right of way to the oncoming Robson car. His negligence in those particulars was the sole proximate cause of the accident. Plaintiff, therefore, is entitled to recover for the damages which he sustained as the result of that accident.
 Young King was unemancipated and was residing with his parents at the time the accident occurred. Under LSA-C.C. art. 2318 the father, or after his decease the mother, are responsible for the damages occasioned by their minor or un-emancipated children, residing with them. The mother is not responsible for damages occasioned by the negligence of her minor child residing at home while the father is alive. Central National Insurance Co. v. Vagas, 144 So.2d 395 (La.App. 4th Cir. 1962); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
Ford is a 78 year old negro man, and he has not worked for many years. As a result of the accident he sustained lacerations of the face, chin and upper gum. He also sustained a fracture of the third metacarpal bone of the right hand. He was hospitalized for about 12 days, during which time the lacerations were sutured and treated, and the hand was placed in a cast. He was last seen by a doctor on February 28, 1964. All of the injuries which plaintiff sustained have healed, the only residuals being a very slight stiffness and limited grasp of his right hand, which resulted from immobilizing the hand of this elderly man in a cast for a period of about four weeks. The treating physician stated, however, that “he could still use his hand.” For these injuries, we think an award of $2500.00 is fair and adequate.
Plaintiff incurred hospital and medical expenses in the amount of $484.45 for the treatment of these injuries, and he is entitled to recover that amount. The evidence fails to establish the value of plaintiff’s car or the amount which would be required to have it repaired.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered in favor of plaintiff, Bryant Ford, and against defendant, Loyd R. King, Sr., for the sum of $2984.45, with interest thereon at the rate of five percent per annum from date of judicial demand, until paid, and for all costs of this suit. The costs of this appeal are assessed to defendant-appellee, Loyd R. King, Sr.
Reversed and rendered.