201 So.2d 534 (1967)
Egsa Trahan GUIDRY et al., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellees.
No. 2063.
Court of Appeal of Louisiana, Third Circuit.
July 19, 1967.
Rehearing Denied August 15, 1967.
*535 Edwards, Edwards & Broadhurst, by William C. Broadhurst, Crowley, for plaintiffs-appellants.
Saal & Saal, by I. P. Saal, Jr., Gueydan, McBride & Brewster, by Norman P. Foret, Lafayette, for defendants-appellees.
Before TATE, FRUGE and HOOD, JJ.
FRUGÉ, Judge.
Plaintiffs[1] appeal from the lower court's dismissal of their suit against Mrs. Rose L. Broussard, the mother of an unemancipated minor tortfeasor. The sole issue presented by this appeal, therefore, is the correctness of the trial judge's decision that under the circumstances of this case the mother was not responsible for the torts of her minor child under the provisions of Civil Code Article 2318.
The facts germane to the question of parental liability are these: The mother and father of the minor tortfeasor were divorced in Arkansas in August, 1958. The father at that time resided in Arkansas and evidence in the record indicates that at the time of the trial he was still living in that state. The judgment of divorce, a copy of which is filed in the record (Tr. 100), makes absolutely no mention of provisions for the custody of the minor children of the marriage. After the divorce in 1958, the mother and the minor child involved in this suit moved from Arkansas to Vermilion Parish, Louisiana, where they resided together until the minor's death in the automobile accident now sued upon.
The plaintiffs-appellants urge that since the parents were divorced at the time of the accident and since the mother had the actual (as distinguished from legal) custody and control of the minor tortfeasor, the mother under Civil Code Art. 2318 is responsible for the tortious acts of her minor son. The defendants-appellees counter with the argument that, because the father is alive and although divorced from the mother retains his parental authority over the minor, Article 2318 should be construed so as to exempt the mother from liability.
The codal provisions which we deem controlling of the issue in the instant case are as follows:
Article 237:
"Fathers and mothers are answerable for the offenses or quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi Contracts, and of Offenses and Quasi-Offenses."
Article 2317: (Title V, Of Quasi Contracts, and of Offenses and Quasi-Offenses)
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
and Article 2318:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
"The same responsibility attaches to the tutors of minors."
As a reading of these articles suggests, the mother is not responsible for the *536 torts of her minor child while the father is alive unless the mother and father have been divorced or legally separated and either the custody of the minor has been awarded to the mother or the mother has been appointed as tutrix for the child. Ford v. King, 193 So.2d 902 (La.App. 3d Cir. 1967); Tripoli v. Gurry, 187 So.2d 540 (La. App. 4th Cir. 1966) and authorities cited therein. The liability of the parent or tutor with legal custody is not unqualified however, and liability does not attach where the parental or tutorial authority has been destroyed or suspended by operation of law. Redd v. Bohannon, 166 So.2d 362 (La.App. 3d Cir. 1964) certiorari denied (induction into the military service); Jackson v. Ratliff, 84 So.2d 103 (Orl.App.1955), noted Tul. L.Rev. 504 (1956). It is important to note that under our jurisprudence, parental authority (and therefore parental liability) is not terminated by the mere physical absence of the minor from the custodial parent's place of abode. LaRue v. Adam, 59 So.2d 839 (La.App.Orl.1952); Maloney v. Goelz, 12 La.App. 31, 124 So. 606 (Orl.App.1929); Toca v. Rojas, 152 La. 317, 93 So. 108 (1922); Watkins v. Cupit, 130 So.2d 720 (La.App. 1st Cir. 1961), noted 36 Tul.L.Rev. 330 (1962).
Applying these well settled principles to the facts in the instant case, it is our opinion that since the father is alive and since the decree dissolving the marriage between the minor's father and mother makes no mention of an award of legal custody to the mother, the father's parental authority continues unstinted and he, not the mother, is the parent legally responsible for the minor's torts. Civil Code Art. 2318; see also La.Civil Code Art. 39; Planiol, Civil Law Treatise, Vol. 2, No. 909 through 910 (Translation by the Louisiana State Law Institute).
For the foregoing reasons, therefore, the judgment of the district court is hereby affirmed, the plaintiffs-appellants to bear all costs.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] The plaintiffs in the instant suit are the surviving widow and children of Chevis Guidry. They sue both as survivors under Civil Code Art. 2315 and for damages which they themselves suffered when the Guidry family automobile was struck by another vehicle driven by the minor son of the defendant herein.