SCHOTT, Judge.
On January 22, 1975, Charles B. Fedel filed a petition to adopt Marion Angela Hakenjos. He alleged that he was married to the child’s mother, Geraldine Wright, on December 9, 1963; the child was born on November 12, 1960, of the marriage between his wife and her former husband, Warren W. Hakenjos, defendant-appellant; this marriage had been terminated by a judgment of divorce on December 9, 1963; and his wife had consented to the adoption of the child by him. The petition contained no allegation that defendant had consented to the adoption of his daughter so that the case did not fall within the purview of LSA-R.S. 9:422.
In the absence of the consent of the legitimate parent as provided for in R.S. 9:422, an adoption may be obtained by the step-parent in accordance with R.S. 9:422.1, which states that such consent is not necessary if the following conditions exist:
“(1) The spouse of the petitioner or the grandparent or grandparents or the *1203 mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year
Although the petition contained no allegations that these conditions existed, at the trial plaintiff’s attorney asked Mrs. Fedel whether defendant had been “court ordered to support this child.” A timely objection was made by defendant’s attorney and was overruled by the trial judge. There was no mention of amending the petition in accordance with LSA-C.C.P. Art. 1154 and the trial proceeded.
The evidence established that on February 16,1962, Mrs. Geraldine Wright Haken-jos obtained a judgment from the Civil District Court for the Parish of Orleans ordering Warren W. Hakenjos to pay alimony pendente lite for the support of his wife and child in the sum of $160 per month. On December 9, 1963, a decree of divorce between Mr. and Mrs. Hakenjos was issued by the State of Nuevo Leon, Mexico. The decree recites that Mr. and Mrs. Warren W. Hakenjos both came before the issuing official and by mutual consent secured the decree of divorce dissolving their marriage. One hour later a Mexican marriage certifi: cate was issued proclaiming the marriage between Charles B. Fedel, plaintiff, and Geraldine Wright. On December 14, 1963, the Fedels returned to New Orleans and the child, Marion Angela Hakenjos, has lived with them since. On April 27, 1965, Warren Hakenjos obtained a divorce from Mrs. Hakenjos (now Mrs. Fedel) from the Civil District Court for the Parish of Orleans. Hakenjos made no child support payments after the Mexican divorce except for some isolated payments at the end of 1965.
The judgment of the trial court in favor of plaintiff now before us on appeal is apparently based upon the failure of defendant to support his child for over a year between December, 1963, and April, 1965, in violation of the court order of February, 1962.
Appellant’s contentions are twofold. First, he maintains that plaintiff did not state a cause of action under R.S. 9:422.1 in his petition and despite a timely objection to the proffered evidence of a court order plaintiff failed to amend his petition. He relies on LSA-C.C.P. Art. 927 to the effect that the failure to disclose a cause of action may be noticed by the appellate court on its own motion. The second contention is that the Mexican divorce of December 9, 1963, had the effect of abating the effects of the judgment condemning him to pay alimony and child support pendente lite. Because we find his second contention to be meritorious and dispositive of the case we will not consider his first contention.
At the outset it must be understood that neither party to these proceedings has questioned the validity of the Mexican divorce. They have limited their arguments to the effect of that divorce on the previous court order of support. In answer to appellant’s argument of abatement, appellee contends that the Mexican court never exercised or assumed any jurisdiction over the child, so that the obligation to pay child support continued to be governed by the judgment of February, 1962, despite the Mexican divorce of December, 1963.
In Clark v. Clark, 192 So.2d 594 (La.App. 3rd Cir. 1966) the validity of a Mexican divorce was at issue. The court said:
“Turning to the question of the legality vel non of the divorces and marriage of the parties in Mexico, we are unable to find a single Louisiana case dealing with a divorce granted in a foreign country. However, the courts of this state have repeatedly refused to recognize divorces obtained in sister states when the parties to the divorce have not established a bona fide domicile in that state.”
Pointing out that Louisiana courts are not required by the full faith and credit clause of the United States Constitution to recognize divorces in foreign countries, the court held that divorces obtained in foreign countries are illegal and without effect if they do not meet the standards recognized *1204 in Louisiana and her sister states. The court continued:
“Under the universally acknowledged principle that the judicial power to grant a divorce is founded on domicile, and because the plaintiff and defendant admittedly went to Mexico for the sole purpose. of obtaining their respective divorces, we hold that the divorces thus obtained were patently invalid and of no effect whatsoever.”
There is no evidence in the record as to whether or not Mexico was the domicile of Mrs. Hakenjos when she obtained her divorce. We do not know her intentions at the time or how long she was there. We do know that her child was not with her, she remarried one hour after the divorce was granted and she returned to her home, presumably, in New Orleans five days later where she has remained since. We also know that Mr. Hakenjos, who is shown in the divorce decree to have been present and participated in obtaining it, saw fit to obtain another divorce in New Orleans sixteen months later.
These circumstances make the Mexican divorce highly suspect, and, while we do not hold that it was invalid, if we assume that it was, the marriage between plaintiff and Mrs. Hakenjos was also invalid. That being so plaintiff had no right to bring these adoption proceedings under R.S. 9:422.1.
On the other hand, if the Mexican divorce decree was valid it was to the same extent as any judgment of divorce rendered by a sister state of Louisiana and had the same effect. The law is well settled that a valid judgment of divorce issued in another state of the United States abates prior Louisiana separation proceedings, including a judgment for child support. Webster v. Webster, 308 So.2d 302 (La.App. 1st Cir. 1975), Hampson v. Hampson, 271 So.2d 898 (La.App. 2nd Cir.), Starkey v. Starkey, 209 So.2d 593 (La.App. 1st Cir. 1967).
Plaintiff relies primarily on Tripoli v. Gurry, 187 So.2d 540 (La.App. 4th Cir. 1966) to support his position but that case provides an exception to the abatement rule with respect to custody only. Furthermore, the procedural posture of that case clearly distinguishes it from the instant case. We have concluded that the Mexican divorce decree, if valid, had the effect of abating appellant’s obligation of support under the February, 1962, decree so that there is no basis for the application of R.S. 9:422.1 to this case.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of defendant Warren W. Hakenjos and against plaintiff Charles B. Fedel, dismissing plaintiff’s petition to adopt Marion Angela Hakenjos at his cost.
REVERSED AND RENDERED.