350 So.2d 283 (1977)
Lillian B. DESHOTEL, Individually and as Duly Confirmed Natural Tutrix of the minor, Dean Deshotel, Plaintiff-Appellant,
v.
CASUALTY RECIPROCAL EXCHANGE et al., Defendants-Appellees.
No. 6010.
Court of Appeal of Louisiana, Third Circuit.
September 20, 1977.
Rehearing Denied October 11, 1977.
Writ Refused December 9, 1977.
*284 Jackson, Smith & Ford by Chris Smith, III, Leesville, for plaintiff-appellant.
Brame, Bergstedt & Brame by Joe Brame, Lake Charles, Knight & Knight by William N. Knight, Jennings, for defendants-appellees.
Before CULPEPPER, WATSON and STOKER, JJ.
STOKER, Judge.
This is a suit for damages growing out of personal injuries sustained by the minor, Dean Deshotel, in an automobile accident. Plaintiff is the mother and confirmed tutrix of Dean Deshotel. The suit was filed against Glenn West, Sr., father of the minor Glenn West, Jr. and the automobile insurer of Glenn West, Sr., which is Casualty Reciprocal Exchange.
The trial court sustained exceptions filed by Glenn West, Sr. These were (1) exception to the citation and service of process and (2) lack of jurisdiction over the person of Glenn West, Sr. Plaintiff has appealed from the judgment of the trial court sustaining these exceptions filed by Glenn West, Sr.
The issues presented in this appeal are as follows:
(1) Was Glenn West, Sr. domiciled in Arkansas subsequent to moving to Little Rock, Arkansas from Jennings, Louisiana, on November 4, 1975?
(2) If Glenn West, Sr. was domiciled in Arkansas, could he be subjected to the jurisdiction of a court of this state through service of citation and process under LSA-R.S. 13:3201 or LSA-R.S. 13:3474?
DOMICILE OF GLENN WEST, SR.
The trial court found that Glenn West, Sr. had been domiciled in the State of Arkansas since November 4, 1975, which was nearly five months prior to the accident in Jefferson Davis Parish on April 2, 1976, which gave rise to plaintiff's cause of action. The trial court's findings of facts and his conclusions of law on this question are correct. We find that Glenn West, Sr. was domiciled in Arkansas from and after November 4, 1975. We disagree, however, *285 with the trial court's holding that it had no personal jurisdiction over Glenn West, Sr.
SERVICE OF CITATION AND PROCESS
Plaintiff's initial petition alleged that Glenn West, Sr. was a resident of Jefferson Davis Parish, Louisiana. The suit was amended and plaintiff alleged that West was a non-resident of Louisiana, and West's wife was made a defendant on the ground that young West was in the mother's custody in Jefferson Davis Parish, Louisiana, and Mrs. West was solidarily liable with her husband for the torts of their son. By further amendment plaintiff asserted that Glenn West, Sr. was a domiciliary of Louisiana temporarily residing in Arkansas, or alternatively he was a non-resident of Louisiana. For the purpose of effecting service on West as an absentee, plaintiff sought and obtained appointment of a curator ad hoc. On the basis of the alternative allegation, plaintiff sought service under LSA-R.S. 13:3474 et seq the "Non-Resident Motorist Statute," through the Secretary of State of the State of Louisiana.
In a third amendment plaintiff sought to serve Glenn West Sr. through the Louisiana Long-Arm Statute, LSA-R.S. 13:3201 et seq.
The trial court ordered dismissal of the suit against Glenn West, Sr. for lack of jurisdiction over him. It also ruled that service of citation and service of process were insufficient under both of the two statutes. Insofar as the Long-Arm Statute is concerned, we pretermit any discussion of its applicability in view of our holding below that service was available under LSA-RS 13:3474 et seq.
SERVICE OF CITATION AND PROCESS UNDER NON-RESIDENT MOTORIST STATUTE
The trial court held that LSA-RS 13:3474 et seq was inapplicable on the authority of Ehrhard v. State Farm Mutual Insurance Company, 274 So.2d 911 (La. App. 1st Cir., 1973). It is our opinion that this statute, Non-Resident Motorist Statute, is applicable and that service of citation and process under it was valid and brought defendant Glenn West, Sr. within the jurisdiction of this court.
The pertinent facts are these. West and his wife separated in fact in July of 1975. He moved to Arkansas on November 4, 1975. No legal separation or divorce was obtained. Glenn West, Jr. was involved in the automobile accident giving rise to this litigation on April 2, 1974. The son had remained with his mother in Jennings and had physically resided with her at all times and was residing with her at the time of the accident.
The case of Ehrhard v. State Farm Mutual Insurance Company, supra, with respect to the point relied upon by the trial court, was concerned with an automobile insurance policy exclusion clause and the interpretation of the term "resident of the same household" in connection with the application of the non-owned automobile exclusion clause. The minor son in that case had a vehicle of his own but was driving his father's car when the accident occurred in Louisiana. The same insurer had insured both vehicles under separate policies. The son was in the Navy, was stationed in Atlanta, Georgia, and had completed one and one-half years of a three year enlistment. The insurer contended the son was a resident of his father's household, and while insurance coverage existed under the father's policy, the insurer denied there was coverage under the son's policy. The court found coverage under both policies. The court held that the son's domicile remained that of his parents but that "his residence had clearly changed to Atlanta, Georgia, and was plainly under the control of the military authorities." The court's opinion pointed out that the policy language in question did not concern the legal concept of domicile. Rather, it was concerned with the definition of the term "relative" as used in the policy which was defined as "relative means the relative of the named insured who is a resident of the same household." It was pointed out that insurance policy exclusionary clauses are strictly construed and doubt and ambiguity of meaning is *286 construed against the insurer who wrote the policy. If the insurer had wished to provide domicile as the test rather than residence, it should have so provided.
This court has reached a similar conclusion in interpreting insurance policy coverage where a major son was involved. See this circuit's case of Branam v. Traders and General Insurance Company, 344 So.2d 1073 (La.App.3rd Cir. 1977).
Granting the correctness of the Ehrhard case, it has no application here since the question is jurisdiction and the reach of service of citation and process under LSA-RS 13:3474 et seq. This statute makes the use of Louisiana highways by non-residents equivalent to appointment of the Secretary of State of Louisiana as their agent for service of process. The statute also provides that such use by a person for whom a non-resident is legally responsible has the same effect as to the non-resident, and the latter may be served under and through the statute for the conduct of the person for whom he is responsible.
In the brief filed on behalf of Glenn West, Sr. as exceptor it is conceded that "this statute would have application only if Glenn West, Sr. was legally responsible for the damage alleged to have been occasioned by his minor child." Under facts almost identical to those of Glenn West, Sr. and his son here, this court held that the father's parental authority under Civil Code Article 2318 continues unstinted and he, not the mother, is the parent legally responsible for the minor's torts. Guidry v. State Farm Mutual Automobile Ins. Co., 201 So.2d 534 (La.App.3rd Cir. 1967).
The Louisiana Supreme Court has construed the Civil Code Article 2318 in Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 (1968). Article 2318 provides as follows:
The father, or after his decease, the mother, are responsible for damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors.
In Williams the parents' liability under Article 2318 was held to be vicarious. This concept was considered further by this circuit in Deshotel v. Travelers Indemnity Company, 231 So.2d 448 (La.App.3rd Cir. 1970) affirmed, 257 La. 567, 243 So.2d 259 (1971). This case held that the parents' liability is not based upon a presumption of fault for having failed to properly supervise and train the minor. It is absolute liability arising out of the parent-child relationship.
In view of the absolute nature of a parents vicarious liability under Article 2318 and our holding in Guidry v. State Mutual Automobile Ins. Co., supra, we are constrained to hold as follows: The provision of Civil Code Article 2318 which appears to hinge the liability of a parent for the torts of a minor child upon his (the minor's) residing with him, or her as the case may be, does not refer to actual place of physical residence in all cases. While this precise point was not at issue in Guidry, such is the obvious conclusion which follows from it. This is the effect of the holding in Taylor v. State Farm Mutual Automobile Ins. Co., 248 La. 246, 178 So.2d 238 (1965), affirming this court.
In the Taylor case a minor left the residence of his parents in Arkansas and came to Louisiana where he was involved in an accident. The Louisiana Supreme Court, in affirming this circuit, held that the minor was still a resident of his father's household in Arkansas. Exceptor attempts to distinguish the Taylor holding on the ground that the Supreme Court observed in Taylor that there was no evidence that the minor had made a permanent residence in Louisiana at the time of the accident. 178 So.2d 243. Neither is there any such evidence as to Glenn West, Jr. In fact, the only way such an intention could have been shown would have been the circumstance absent here of the mother obtaining a custody award incident to a suit for separation or divorce.
We hold that the responsibility of the father under Article 2318, where it has *287 not passed to the mother, remains fixed irrespective of actual residence, and liability continues with the only exception being those cases where the State has exercised its sovereign right and power and has superseded parental authority. In such cases the authority and liability of the parent is suspended. Williams v. City of Baton Rouge, supra. On this basis, the case of Ehrhard v. State Farm Mutual Insurance Co., supra, may be distinguished in addition to the fact that the issue there was interpretation of an insurance contract rather than retention of authority and liability of a parent with respect to his minor child.
We regard it as well settled that a minor can have no other domicile than that of his father until it is changed in some manner provided by law. Watkins v. Cupit, 130 So.2d 720 (La.App.1st Cir. 1961); McInnis v. Terry, 121 So.2d 329 (La.App.1st Cir. 1960); Toca v. Rojas, 152 La. 317, 93 So. 108 (1922) and Louisiana Civil Code Articles 39 and 2318.
In Guidry v. State Farm Mutual Automobile Insurance Co., supra, the mother and father were divorced in Arkansas. The father remained in Arkansas but the mother and minor tort-feasor moved to Louisiana. The Arkansas divorce decree made no mention of custody of the children of the marriage. When the minor's accident occurred in Louisiana, the mother was sued. She contended the father in Arkansas was responsible for the torts of the minor. This court so held. In this case, Mr. and Mrs. Glenn West are merely separated in fact. At the time the record in this case was made-up, neither a suit for separation from bed and board nor divorce had been instituted. Hence, the holding of Guidry applies to this case with perhaps more force than in Guidry itself. It is also pertinent to pose this question: If Glenn West, Sr. does not have legal custody of his son and therefore authority over him under Civil Code Article 216,[1] who does? Mrs. West could ask that she be given custody in the event she filed a suit for separation or divorce, but she had not done so at the time of the accident in which her son was involved or at the time Glenn West, Sr. was served under LSA-RS 13:3474. If this case were to be decided on the mere question of physical residence with the mother, or physical absence from Glenn West, Sr. neither parent would be responsible under Article 2318 of the Louisiana Civil Code.
As a conclusion to this question we quote the following from the decision in Guidry:
The liability of the parent or tutor with legal custody is not unqualified however, and liability does not attach where the parental or tutorial authority has been destroyed or suspended by operation of law. Redd v. Bohannon, 166 So.2d 362 (La.App.3rd Cir. 1964) certiorari denied (induction into the military service); Jackson v. Ratliff, 84 So.2d 103 (Orl.App. 1955), noted Tul.L.Rev. 504 (1956). It is important to note that under our jurisprudence, parental authority (and therefore parental liability) is not terminated by the mere physical absence of the minor from the custodial parent's place of abode. LaRue v. Adam, 59 So.2d 839 (La.App.Orl.1952); Maloney v. Goelz, 12 La.App. 31, 124 So. 606 (Orl.La.App.1929); Toca v. Rojas, 152 La. 317, 93 So. 108 (1922); Watkins v. Cupit, 130 So.2d 720 (La.App.1st Cir. 1961), noted 36 Tul.L. Rev. 330 (1962).
For the foregoing reasons we reverse the judgment of the trial court and judgment is rendered in favor of the plaintiff, Lillian B. Deshotel, individually and as the natural tutrix of the minor Dean Deshotel and against defendant and exceptor, Glenn West, Jr. We overrule the exception filed by him to the citation, service of process and personal jurisdiction of the Thirty-First Judicial District Court for Jefferson Davis Parish, Louisiana. This case is remanded *288 for further proceedings not inconsistent with the views expressed in this opinion.[2]
REVERSED AND REMANDED.
NOTES
[1] Article 216 of the Louisiana Civil Code provides as follows:

A child remains under the authority of his father and mother until his majority or emancipation.
In case of difference between the parents, the authority of the father prevails.
[2] Whether this policy of the law may still be realistic sound, or equitable in view of modern-day practices or in accord with our own personal conceptions, the issue is one for legislative relief rather than judicial. See Justice Barham's concurring opinion in Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 (1968).