FORET, Judge.
Plaintiffs-appellants filed this wrongful death and survival action seeking damages sustained by them for the injury and death of their daughter, Debbie Elliott. Made defendant in their original petition was the State of Louisiana, through the Department of Highways. Subsequently, plaintiffs filed a first supplemental and amending petition substituting as the party defendant, the State of Louisiana, through the Department of Transportation and Development (hereafter “DOTD”). Subsequently, plaintiffs filed another amending petition, erroneously styled “First Supplemental and Amending Petition” (actually it should have been styled “Second Supplemental and Amending Petition”), naming the State of Louisiana itself (no particular department) as a co-defendant, presumably based on its allegations that a State trooper and a deputy sheriff were also negligent in the causation of the accident.
The DOTD filed an answer denying all of the allegations of the plaintiffs, including those allegations contained in the second supplemental and amending petition. However, the State of Louisiana, individually, without regard to a particular department, has never filed any pleadings or otherwise made an appearance in this matter. Consequently, on July 17, 1978, a preliminary default was entered against the State of Louisiana. However, the record does not reveal that a judgment confirming the said default has ever been signed, and therefore that issue is not before us.
*804 After presentation of plaintiffs’ case before the judge in a non-jury trial on July 17,1978, the trial judge granted a “directed verdict” in open court in favor of the Department of Transportation and Development, giving oral reasons therefor. However, a formal judgment was not signed until November 24, 1978, which judgment dismissed the demands of plaintiffs against the said DOTD. From this judgment, plaintiffs have appealed.
The issues before us on appeal are:
(1) Was the trial court factually correct in its determination that the DOTD was not liable to plaintiffs (Not having either actual or constructive knowledge of the allegedly hazardous road condition)?
(2) Assuming that the factual determination by the trial court was correct, was it procedurally correct for the court to grant a directed verdict in favor of DOTD?
The facts of the accident as set forth by the trial judge are as follows:
“Miss Debbie Elliott was driving a van north on Louisiana Highway 127 at about 8:30 [P.M.] on January 23, [1978] when she approached the Mill Creek bridge. There she encountered some mud on the highway, skidded out of control and hit the Mill Creek bridge, turning the van over on its side. When she encountered this mud near the bridge she was driving about 40 to 45 miles per hour, and she was normally a careful driver. She died as a result of injuries received in this accident, and her brother, Randy, was injured in the accident. He was a passenger in the van.
“On the 19th of January there was a 2½ inch snowfall. After that the weather moderated somewhat; it continued to be cold with light intermittent rains until the accident. After the accident a heavy rain occurred, falling between 9 or 9:30 on the 23rd and continuing until about 4:00 a. m. on the 24th. It had been considerably colder in the few days before the accident. On the date of the accident the temperature range ran from about the low 40’s to the 50’s. Sundown occurred at about 5:00 p. m., at least a couple of hours before this accident. So, the accident occurred during the hours of darkness.”
It was established that in the weeks prior to the accident, a logging operation was being conducted south of the bridge on the east side of Highway 127. On the morning of January 23, 1978, apparently a truck or trucks entered Highway 127 from the logging tract, dropping mud on the road surface. There is evidence that this mud on the highway was noticed by various persons including, plaintiff alleges, a La Salle Parish deputy sheriff. However, no report was made to any law enforcement agency nor was any notice given to the DOTD.
The State of Louisiana has the responsibility to maintain highways in such condition that they are reasonably safe for persons exercising reasonable prudence and caution under the prevailing circumstances, however, the law is clear that the Department is not the insurer of the safety of motorists using the public highways. Doucet v. State, Dept. of Highways, 309 So.2d 382 (La.App. 3 Cir. 1975).
Each factual situation must be considered individually to determine whether or not the road was “reasonably safe”. In the instant situation, the presence of a large amount of mud on the highway may be such an example of a road not “reasonably safe” for the motoring public.
However, for the State of Louisiana, through the DOTD to be liable, it must be shown that DOTD had notice, either actual or constructive, of the dangerous condition, and had sufficient opportunity to remedy same. Wilkinson v. American Ins. Co. of Newark, N. J., 311 So.2d 584 (La.App. 3 Cir. 1975).
The trial court found that the DOTD had no such notice and is therefore not liable to plaintiffs. We agree, finding such conclusion amply supported by the record.
At the close of plaintiffs’ case-in-chief, the DOTD moved for a “directed verdict” *805 under La.Code of Civil Procedure, Article 1810 alleging that the plaintiffs had not set forth sufficient evidence to find the DOTD liable. After a recess to review the plaintiffs’ evidence, the court granted the motion.
Article 1810, as originally enacted, seemingly provided for a directed verdict only in jury trials [1]. However, in 1978, the Louisiana legislature amended Article 1810[2] by adding Paragraph B, providing for a “[Mjotion to dismiss at close of plaintiff’s evidence”[3] thus furnishing a procedural device analogous to a directed verdict, in a case tried before a court without a jury.
As our brothers of the Second Circuit noted, Article 1810 in its original 1977 form, while not specifically providing for a “directed verdict” in a judge trial, did not prohibit it either. Roncal v. Commercial Union Assurance Co., 367 So.2d 24 (La.App. 2 Cir. 1978). Thus, the 1978 edition may be treated as clarifying the available procedures in a judge trial. As the Second Circuit stated:
“It is somewhat ironic and inconceivable that a trial judge would be given the power in one instance and not in the other.” Roncal, supra, at page 27.
As noted, this section was added by the legislature in 1978; the effective date of the act was September 8, 1978. The present case was tried on July 17, 1978. Oral reasons for judgment were given in open court on that day. However, a formal judgment was not signed until November 24, 1978 (after the effective date of the amendment).
Generally, amendments to procedural rules are considered remedial and thus applied retroactively. Orleans Parish School Board v. Manson, 241 La. 1029, 132 So.2d 885 (1961); Blacher v. Matlack, Inc., 344 So.2d 444 (La.App. 1 Cir. 1977). In the present case since the formal judgment was not granted until after the effective date of the amendment, we hold that Article 1810, as amended, can be applied retroactively; the judgment is affirmed. Parenthetically, we note that the result would be the same if the DOTD had merely rested instead of moving for a directed verdict at the close of plaintiffs’ case.
The judgment of the trial court is affirmed at plaintiffs’ costs.
AFFIRMED.

. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury. Acts 1977, No. 699.

. Acts 1978, # 156, effective September 8, 1978.

.B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence. Added by Acts 1977, No. 699, § 1. Amended by Acts 1978, No. 156, § 1.