387 So.2d 1383 (1980)
Curtis ELLIOTT et al., Plaintiffs-Appellees,
v.
AETNA CASUALTY AND SURETY COMPANY et al., Defendants-Appellants.
No. 7657.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1980.
Gold, Little, Simon, Weems & Bruser, Henry B. Bruser, III, Alexandria, for plaintiffs-appellants.
Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for defendants-appellees.
*1384 William Henry Sanders, Jimmie C. Peters, Jena, John King, Baton Rouge, for plaintiffs-appellees.
Before CULPEPPER, SWIFT and STOKER, JJ.
STOKER, Judge.
This is one of three cases consolidated on appeal in this court. The appellants Reginald Murrell and Aetna Casualty and Surety Company complain of the trial court's action in sustaining certain peremptory exceptions filed in response to a reconventional demand and various third party demands filed by them. Exceptions were filed in each suit. The exceptions are primarily based on releases which were given as a result of compromise settlements. These exceptions are denominated as exceptions of res judicata, no right of action and no cause of action.
Reginald Murrell (Murrell) and Aetna Casualty and Surety Company (Aetna) are original defendants in each of the three consolidated cases here and in two of them are the only defendants. Murrell and Aetna seek to bring in the other parties, including State Farm Mutual Automobile Insurance Company (State Farm) in order to establish entitlement to a reduction of any recovery plaintiffs may be granted. This claim for reduction is based on a release given for any liability based on the alleged negligence of Deborah L. Elliott (an alleged joint tortfeasor). In the alternative appellants seek contribution in the event that it is shown that someone else other than Deborah L. Elliott was the driver of a van she was allegedly driving at the time of the accident which gave rise to these suits. Deborah L. Elliott was killed in the accident. In these particular suits the plaintiffs have not sued the parents of Deborah or her insurer. (The Elliotts, parents of Deborah, could have sued State Farm inasmuch as their minor son, Randy L. Elliott, was injured in the accident).
The theory of Murrell and Aetna is that if Deborah L. Elliott was in fact driving the van in question, which was insured by State Farm, then any recoveries must be reduced to one-half because the plaintiffs have given releases to everyone who might be liable as a result of any negligence of Deborah L. Elliott which contributed to the cause of the accident. On the other hand, Murrell and Aetna contend that there is a factual question as to whether Deborah or one of two other persons, Randy L. Elliott or Robert D. Gustafson, was driving. As to Randy and Robert, Murrell and Aetna contend that no releases have been given. Therefore, if the evidence on trial should show that one of these persons was the driver of the van and was a joint tortfeasor with Murrell, then Murrell and Aetna are entitled to contribution from the driver, anyone vicariously liable for the driver's tort, and the driver's omnibus insurer, State Farm.
The reconventional demand and third party demands were brought by Murrell and Aetna to properly position them for the relief they seek from the standpoint of pleading and to bring into the suit the proper parties from whom they seek contribution.
There has been no trial on the merits, and in considering the exceptions we deal here with allegations of fact only. Quite obviously, it is necessary to set forth what the parties allege to be the facts in order to understand the arguments and contentions relative to the exceptions. Therefore, we will outline in some detail the various allegations and set forth the alignment of the parties.

ALLEGATIONS OF FACT AND ALIGNMENT OF THE PARTIES
On January 23, 1978, a van being driven by Deborah L. Elliott was traveling on Louisiana Highway 127 in LaSalle Parish, Louisiana. The vehicle was owned by the driver's parents, Mr. and Mrs. Curtis Elliott, and was insured for liability with State Farm Mutual Automobile Insurance Company. At approximately 8:30 p. m. the van skidded on a muddy area of the highway, *1385 went through the railing on the Mill Creek Bridge and turned over. In the accident Deborah Elliott and guest passenger Rhonda Kleinpeter were killed. Two other passengers in the van, Randy Elliott and Robert Barry Gustafson, were severely injured. The three consolidated cases with which the court is dealing here involve claims asserted by members of the families of the occupants of the van, including claims on behalf of the minors injured in the mishap.
Plaintiffs assert that Reginald Murrell, a logging contractor, through his employees, caused mud to be tracked onto Louisiana Highway 127 a short distance from the accident scene on the day of the accident. Plaintiffs assert further that the mud caused the driver of the van to lose control of the vehicle.
In suit number 7657 in this court, Mr. Curtis Elliott brought suit individually and on behalf of his son, Randy, for damages arising from the injuries sustained by Randy who was a minor at the time the suit was brought. Mr. and Mrs. Elliott assert a wrongful death action for the death of their daughter, Deborah.
In suit number 7658, 387 So.2d 1383, Mr. and Mrs. Carey Kleinpeter brought suit individually for the loss of their daughter, Rhonda Kaye, and further attempted to assert survivors' claims on behalf of two minor sons for the sons' loss of a sister. These latter demands have been made subject to the exceptions of no cause or right of action which are not now before the court.
In suit number 7659, 387 So.2d 1389, Robert D. Gustafson brought suit individually for medical expenses and as administrator of the estate of his son, Robert Barry Gustafson, for personal injuries received by him in the accident.[1]
As previously stated, these three cases are not before the court on the merits but are here on judgments sustaining peremptory exceptions to reconventional and third party demands filed by appellants. The trial court sustained the exceptions. The appeals presently before this court were taken in response to the judgments sustaining the exceptions.

APPEAL NUMBER 7657
We will now address ourselves specifically to the appeal bearing our docket number 7657, Curtis Elliott, et al v. Aetna Casualty and Surety Company. When the appellants, Murrell and Aetna, were made defendants in this suit they filed an answer and also assumed the position of plaintiffs in reconvention and of third party plaintiffs. The following were named as either defendants in reconvention or third party defendants:
(a) CURTIS ELLIOTT, husband of Mrs. Curtis Elliott, and father of the minor, Randy Elliott;
(b) MRS. CURTIS ELLIOTT, wife of Curtis Elliott and mother of the minor, Randy Elliott;
(c) ROBERT D. GUSTAFSON, husband of Mrs. Robert D. Gustafson, and father of Robert Barry Gustafson;
(d) MRS. ROBERT D. GUSTAFSON, wife of Robert D. Gustafson and mother of Robert Barry Gustafson;
(e) ROBERT BARRY GUSTAFSON, a resident of lawful age of LaSalle Parish, Louisiana; and
(f) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as liability insurer of the 1977 Ford van involved in the accident giving rise to this litigation.

*1386 EXCEPTION OF MRS. ROBERT D. GUSTAFSON
The peremptory exception to the third party demand filed by Mrs. Gustafson (Tr. 49 & 50) is specifically denominated as an exception of no cause of action. If it was the intention of Murrell and Aetna to sue her in a representative capacity as mother of Robert Barry Gustafson, no issue has been raised on this score. This peremptory exception of no cause of action was grounded on the fact that during marriage the father of the minor tortfeasor is vicariously liable for any torts of the minor, but the mother is not. LSA-C.C. art. 2318. (Robert Barry Gustafson, the son, was apparently a minor at the time of the accident but is alleged to be of lawful age by appellants and was made a third party defendant individually and in his own right). Mrs. Gustafson's exception of no cause of action is well taken, and the action of the trial court in sustaining her exception is affirmed. Cf. Frazer v. Day, 307 So.2d 733 (La.1975) and Flannigan v. Valliant, 371 So.2d 349 (La.App. 4th Cir., 1979).

EXCEPTIONS OF RES JUDICATA, NO CAUSE OF ACTION AND NO RIGHT OF ACTION
Prior to the institution of any of the three actions under consideration here, State Farm Mutual Automobile Insurance Company entered into three settlement agreements on behalf of itself and its insureds:
1. Curtis Elliott, appearing individually and as administrator of the estate of his minor son Randy, released State Farm and its insureds from liability for the injuries Randy received in the accident (Appeal Number 7657);
2. Mr. and Mrs. Kleinpeter released State Farm and its insureds from any obligation for the death of their daughter, Rhonda Kaye (Appeal Number 7658); and
3. Robert D. Gustafson, appearing individually and administrator of the estate of his minor son, Robert Barry Gustafson, released State Farm and its insureds from liability for the injuries Barry received in the accident. (Appeal Number 7659).
Appellants argue that these settlements were made with reference only to any liability which may have existed on the part of Deborah Elliott-that is, on the assumption she was driver of the van, but if it develops that either Randy Elliott or Barry Gustafson was the driver of the vehicle, the release would not affect the liability flowing from any negligence on their part. Appellants contend that the settlements were with State Farm as the liability insurer of Deborah Elliott, her estate and anyone vicariously liable with her.
To fully understand the position of Murrell and Aetna we will summarize the pleadings filed by them in Appeal Number 7657. In their answer Murrell and Aetna:
1. Denied that the accident in question was in any way caused or contributed to by Murrell or anyone for whom he was legally responsible.
2. Asserted that the sole proximate cause of the accident was negligence and fault of Deborah L. Elliott which was specifically described.
3. Alternatively, Murrell and Aetna pleaded that if Murrell or his agents were at fault and such was a cause of the accident, Deborah L. Elliott's negligence was a contributory cause of the accident which barred any claims of Mr. or Mrs. Elliott.
4. Further, Murrell and Aetna alleged that Deborah L. Elliott may not have been the driver of the van in question and the driver may have been Randy Elliott or Robert Barry Gustafson. If Randy Elliott was the driver, his contributory negligence is pleaded in bar of plaintiffs' recovery.
5. The driver of the van (whoever it was) was operating the van with the permission of the owner and the release *1387 did not contain a specific reservation of rights against Murrell and Aetna. Therefore, the release operated as a release of all joint tortfeasors. (In this respect they rely on LSA-C.C. 2203).
6. Finally, the answer of Murrell and Aetna asserted an alternative claim that the release of the "alleged driver of the van effected a release of a joint tortfeasor and solidary obligor and therefore reduced by one-half (½) the amount of any judgment to which plaintiffs would otherwise be entitled from these defendants."
Then assuming in the alternative the position of plaintiffs in reconvention and third party plaintiffs, Murrell and Aetna made claim against the defendants in reconvention and third party defendants for contribution. We assume that the claim for reduction of recovery to one-half was intended by Murrell and Aetna to apply if Deborah L. Elliott was in fact the driver. If on the other hand, the trial evidence should develop that Randy Elliott or Robert Barry Gustafson was the driver, then inasmuch as there has been no release of their liability, Murrell and Aetna would be entitled to contribution under LSA-C.C. art. 2103.
In the prayer of the answer and incidental demands of Murrell and Aetna they demand rejection of the Elliott suit. In the alternative they demand that any recovery based on Murrell's negligence be reduced to one-half. In the final alternative Murrell and Aetna demand contribution to the extent of one-half of the recovery from all parties they have sued as defendants in reconvention or as third party defendants.

ARGUMENTS OF EXCEPTORS
As we view the controversy the exceptions of res judicata and no cause of action are applicable only to the claim of Murrell and Aetna for contribution. If the facts on trial establish that Deborah Elliott was driving the van and that both she and Murrell or his agents were at fault-and, therefore, jointly at fault, reduction of recovery will be in order. Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir., 1964); Cunningham v. Hardware Mutual Casualty Company, 228 So.2d 700 (La. App. 1st Cir., 1969); Mullin v. Skains, 252 La. 1009, 215 So.2d 643 (La.1968).
With respect to the allegations of Murrell and Aetna we are bound by the averment that Randy Elliott or Robert Barry Gustafson may have been driving the van rather than Deborah Elliott. This is so because of the principle that for purposes of an exception of no cause of action allegations of fact by the plaintiff must be accepted as true. Haskins v. Clary, 346 So.2d 193 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976) and Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975). The exceptors assert that all of them have judicially confessed that Deborah Elliott was driving the vehicle at the time of the accident. Under the circumstances, so exceptors argue, they are judicially estopped or barred by the doctrine of preclusion from changing their position. Exceptors cite LSA-C.C. art. 2291 and Exchange National Bank of Chicago v. Spalitta, 321 So.2d 338 (La.1975). However this may be, it does not affect Murrell and Aetna or estop them from making the alternative allegations that someone else other than Deborah Elliott was the van driver.
With respect to the exception of res judicata, we are unable to read the three releases as effecting a release of anyone from liability if in fact the van driver was not Deborah Elliott but was either Randy Elliott or Robert Barry Gustafson. This is especially so in view of the averments made in the pleadings filed for the purpose of obtaining approval of minors settlement for Randy Elliott and Robert Barry Gustafson. Therefore, we do not regard the exception of res judicata as being well founded. Therefore, the trial court's ruling in this regard will be reversed.
*1388 In its brief State Farm urges that it has expended the entire amount of their policy limits in making good faith settlements on behalf of Randy Elliott, Rhonda Kleinpeter and Barry Gustafson. If State Farm has expended all of its policy limits, it may constitute a defense to be appropriately asserted, but we fail to see that it has anything to do with the exceptions before us.
Appellees urge that regardless of who was driving, all Murrell and Aetna would be entitled to would be a pro rata reduction in the awards made to the Kleinpeters because of the settlement previously made with them. We agree that if Randy Elliott proved to be the driver, the Elliotts would be barred from recovery by his contributory negligence which has been pleaded as an alternative. However, if Robert Barry Gustafson proved to be the driver, the Elliotts would not be barred. Also, in that event the Gustafsons would be barred by their son's contributory negligence from recovery and so would the son. However, if the facts do show that Robert Barry Gustafson was the driver, then Murrell and Aetna are entitled to assert their claims for contribution from Robert D. Gustafson (the father) and Robert Barry Gustafson (the son) and State Farm as the insurer. It is appropriate in each suit that Murrell and Aetna be permitted to assert their alternative claims to meet any eventuality developed by the evidence.
In the Elliott appeal, number 7657, two exceptions were filed. These exceptions were included in one pleading denominated "PEREMPTORY EXCEPTION TO THIRD PARTY DEMAND". Tr. 49 and 50. The first paragraph is the exception of no cause of action filed on behalf of Mrs. Robert D. Gustafson. Paragraph two is an exception filed solely on behalf of State Farm Mutual Automobile Insurance Company and consists of the exception of res judicata based on the Elliott settlement mentioned above. The judgment on exceptions in the Elliott appeal, number 7657, was signed on October 12, 1979, and sustained both the exception of no cause of action filed on behalf of Mrs. Robert D. Gustafson and the exception of res judicata filed on behalf of State Farm Mutual Automobile Insurance Company. Tr. 63.
In the other two appeals, number 7658 and 7659, general exceptions of no right and of no cause of action were filed. Exceptors in those two cases have not addressed any arguments to support them. As to those two cases, we perceive no grounds for sustaining these exceptions.
For the foregoing reasons, the judgment of the trial court in appeal number 7657, Curtis Elliott, et al v. Aetna Casualty and Surety Company, et al, dated October 12, 1979, is affirmed insofar as it sustained the exception of no cause of action filed by third party defendant-exceptor-appellee, Mrs. Robert D. Gustafson. The judgment of the trial court dated October 12, 1979, is reversed and set aside insofar as it sustained the exception of res judicata filed by third party defendant-exceptor-appellee, State Farm Mutual Automobile Insurance Company, and, as to that exception, this case is remanded to the trial court for further proceedings consistent with the views expressed herein. The costs of this appeal are assessed one half to State Farm Mutual Automobile Insurance Company and one half to Aetna Casualty Insurance Company.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[1] Five other lawsuits have been filed by the plaintiffs in these cases as a result of this accident, suing different defendants in each case, generally. Three of those other suits are consolidated with the cases now before this Court of Appeal, but the records in those three other consolidated cases did not come up on this appeal. Mr. and Mrs. Curtis Elliott were unsuccessful in an earlier suit against the State of Louisiana, through the Department of Highways, for alleged negligence on the part of that Department in causing the accident. Elliott v. State of Louisiana, Through the Department of Highways, 372 So.2d 802 (La.App.3rd. Cir., 1979), writ denied, 375 So.2d 647.