307 So.2d 733 (1975)
A. F. FRAZER
v.
Warren DAY, Individually and as Administrator of the Estate of the minor, Darlene Day.
No. 54829.
Supreme Court of Louisiana.
January 20, 1975.
Dissent from Denial of Rehearing February 21, 1975.
*734 Frederick J. Gisevius, Jr., Marilyn A. Boothe, Law Offices of Frederick. J. Gisevius, Jr., New Orleans, for plaintiff-applicant.
David E. Hogan, New Orleans, for defendant-respondent.
SANDERS, Chief Justice.
This damage suit raises legal issues concerning the liability and procedural capacity of the defendant, Warren Day, sued individually and as administrator of the estate of his minor daughter, Darlene Day.
On December 20, 1970, A. F. Frazer, the plaintiff, parked his Pontiac automobile on the parking lot of the Covington Country Club, located near the Tchefuncta River. Shortly after the automobile was parked, Darlene Day, the 15-year-old daughter of Warren Day, entered it. While she was in the vehicle, it rolled down a slope and into the river. Darlene was rescued, but the automobile was damaged in the submersion.
Alleging that the damage was caused by the negligence of the minor child in manipulating the gears and controls, the plaintiff sued the father, Warren Day, individually and as administrator of the child's estate. The defendant answered, denying liability and pleading contributory negligence. Joined by the mother but alleging himself to be the administrator of the child's estate, he reconvened for damages against the plaintiff, the automobile owner. Defendant and the mother also filed a third party petition for damages against the Covington Country Club.
Several months later, the defendant, Warren Day, filed a motion entitled "Motion to Substitute Parties." In the motion, he alleged that on October 26, 1970, prior to the automobile incident, a judgment of separation had been rendered between him and his wife in which his wife had been granted custody of Darlene Day. The motion averred that his wife should be substituted as party defendant in his place. He also filed an Exception of No Cause or Right of Action, alleging that, because of the judicial divestiture of custody, he was not administrator of his daughter's estate. A copy of the separation-custody judgment was filed for the record. The motion and exceptions were apparently overruled.
After trial on the merits, the trial judge rejected the reconventional and third party demands. On the main demand, he rendered judgment in favor of the plaintiff, Frazer, and against the defendant, Warren Day, individually and as administrator of the estate of his minor daughter, in the sum of $1,250.00, with legal interest from judicial demand until paid.
The defendant appealed to the Court of Appeal. That court concurred in the finding of the trial judge that the automobile damage was caused by the negligence of Darlene Day. Because the mother had been awarded custody of the minor child in the separation judgment, the court rejected the demand against the father, Warren Day, in both his individual and representative capacity, and dismissed the suit. See La.App., 292 So.2d 870. On application of plaintiff, we granted a writ to review the judgment of the Court of Appeal. La., 294 So.2d 832.
In the present case, the petition sought to hold the father liable both as an individual and as administrator of his minor daughter's estate.
The father's individual liability is governed by Article 2318 of the Louisiana Civil Code, providing in pertinent part:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated *735 children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons."
Under this article, the defendant is liable for the damage caused by his minor daughter unless the record establishes that the parental authority of the father had been legally disrupted. Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 (1968); Toca v. Rojas, 152 La. 317, 93 So. 108 (1922); Sutton v. Champagne, 141 La. 469, 75 So. 209 (1917).
In Toca v. Rojas, supra, this Court stated:
"Of course the parental authority may be suspended and interrupted, and even taken away altogether by the force and effect of the law. As, for instance, when the state, in the exercise of its sovereign right and power, takes the child away from the parents for the betterment of its condition; when by judgment of court the child is given over into the custody and care of another; where the minor is called into the service of his state or his country, or is summoned into a posse comitatus. In all such instances, the parental authority is interrupted or terminated, and likewise the paternal responsibility."
The record reflects that on October 26, 1970, the Twenty-Fourth Judicial District Court for the Parish of Jefferson rendered a judgment of separation between the defendant and his wife. In connection with that judgment, the court awarded custody of the minor child, Darlene Day, to the mother. At the time of the automobile incident, defendant was living separate and apart from his wife and child under the judgment of separation. Thus, the state had superseded the parental authority of the father. See LSA-C.C. Art. 157.
We hold, therefore, that the father, individually, has no liability under Article 2318 of the Louisiana Civil Code.
This holding leaves for consideration the liability of the father in his representative capacity as administrator of the child's estate.
The plaintiff asserts that the father is estopped to deny that he is administrator, since he appeared in that capacity in the reconventional demand. Moreover, he asserts that the failure to plead the lack of representative capacity by dilatory exception before answer resulted in a waiver of the objection.
Defendant, on the other hand, asserts that there is no estoppel and that the defendant's plea was timely filed in the trial court.
Article 221 of the Louisiana Civil Code provides that the father's administration of the child's estate ceases upon judicial separation from bed and board. Pleading the lack of representative capacity, however, is governed by the provisions of the Louisiana Code of Civil Procedure. In reference to procedural capacity, the Louisiana Code of Civil Procedure provides:
Article 855:
"It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a legal entity or an organized association of persons made a party. Such procedural capacity shall be presumed, unless challenged by the dilatory exception."
Article 926:
"The objections which may be raised through the dilatory exception include, but are not limited to, the following:
* * * * * *
(6) Lack of procedural capacity;
* * * * * *
All objections which may be raised through the dilatory exception are waived unless pleaded therein."
*736 Article 928:
"The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order. . . ."
These articles stipulate that the lack of procedural capacity must be raised in a dilatory exception pleaded prior to answer. If the objection is not timely pleaded in a dilatory exception, it is waived. See Jefferson v. Jefferson, 246 La. 1, 163 So.2d 74 (1964); Cartwright v. Puissigur, 125 La. 700, 51 So. 692 (1910). From Article 855, it is clear that these rules apply whether the representative party is plaintiff or defendant.
In the present case, the procedural capacity of defendant was first challenged in a motion to substitute parties and a peremptory exception after answer had been filed. Hence, the objection came too late.
We hold that the objection to the procedural capacity of the defendant has been waived.
On the merits, we find no reason to disturb the factual determination of both lower courts that the automobile damage was caused by the negligence of Darlene Day in moving the gear shift of the vehicle.
The defendant pleaded the contributory negligence of the plaintiff in parking the vehicle. The burden of establishing contributory negligence is upon the defendant. King v. King, 253 La. 270, 217 So.2d 395 (1968). The trial judge found that contributory negligence had not been established. Our review of the record convinces us that the finding is correct. Hence, we hold defendant liable as the administrator of the estate of Darlene Day.
For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside. Judgment is rendered in favor of the plaintiff, A. F. Frazer, and against the defendant, Warren Day, as administrator of the estate of his minor child, Darlene Day, in such sum as may be hereafter fixed.
The case is remanded to the Court of Appeal, First Circuit, for the assessment of damages. All costs of court are assessed against the defendant, as administrator of the estate of Darlene Day.
BARHAM, J., concurs.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice (dissenting).
I respectfully dissent from that portion of the majority opinion which renders judgment against Warren Day as administrator of the estate of his daughter, Darlene Day. His status as administrator of her estate ceased when a judgment of separation was rendered between him and his wife. Furthermore, the child attained majority prior to the trial of this case in the District Court. Thus, under C.C. Art. 221, the administration of her estate by whoever might have been so qualified ceased.
I do not understand how the failure of a non-representative to urge his lack of representative capacity imposes such capacity so as to permit a judgment to be rendered against the non-represented person's estate.
DIXON, Justice (dissenting from denial of rehearing).
We have rendered a judgment against Mr. Day as administrator of the estate of his minor daughter. He was not in fact the administrator of his daughter's estate at any time during the proceedings of this case including the date of the accident. He is not now the administrator of the girl's estate. The judgment is therefore unenforceable against the daughter's estate. The administratrix (the former wife) was *737 never a party defendant. Day's property cannot be subjected to seizure for purposes of execution because we have rendered no judgment against him personally.
Nor can the judgment be executed against the estate of the daughter who was a major some time before trial. Her property is now under her personal control. Neither the estate nor the daughter was ever properly made a party defendant to this action. Although the father may be estopped to deny the fact that he is the administrator of the estate, the actions of the father which resulted in this estoppel cannot be attributed to the daughter. The court has no power to render a judgment against her. To do so would deny her of property rights without due process of law.
In effect, we have given the plaintiff a worthless judgment.
We could have (and should have) ruled that Day's motion to substitute his wife, the mother and custodian of Darlene, should have been granted by the trial judge.
For these reasons I believe a rehearing should be granted.