371 So.2d 349 (1979)
Jerrald C. FLANNIGAN, Individually and as the Administrator of the Estate of his son, Terry J. Flannigan, and Terry J. Flannigan
v.
Wayne VALLIANT, Ray Valliant, and State Farm Fire and Casualty Company.
No. 10061.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1979.
Rehearing Denied June 11, 1979.
*350 Gerald P. Aurillo, Metairie, for plaintiffs-appellants.
Montgomery, Barnett, Brown & Read, Daniel Lund and Edward A. Rodrigue, Jr., New Orleans, for Ray M. Valliant and Wayne Valliant, defendants-appellants.
Porteous, Toledano, Hainkel & Johnson, Michael K. Fitzpatrick, New Orleans, for State Farm Fire and Casualty Company, defendant-appellee.
Before SAMUEL, LEMMON and STOULIG, JJ.
STOULIG, Judge.
Plaintiff, Terry J. Flannigan,[1] has appealed a summary judgment dismissing his suit against State Farm Fire and Casualty Company (State Farm), the homeowner's insurer of Ray Valliant, for damages allegedly inflicted on him through a battery committed by Wayne Valliant, the insured's minor son. Also appealing the judgment of dismissal were codefendants Wayne Valliant and Ray Valliant.
The insurer, State Farm, was dismissed on a finding that the policy did not afford coverage to the son because he did not reside with his father. The exclusionary provision stipulates:
"When used in this policy the following definitions apply:
(a) `Insured' means
* * * * * *
(2) if residents of the Named insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any insured * * *."
The alleged battery occurred on July 11, 1972 and at this time Wayne's mother, a resident of Shreveport, Louisiana, had legal custody of her son conferred in a judgment of divorce. After Wayne left his mother's home in 1970 or 1971, he first stayed with his sister and her husband, Donna and Mike McFarlain. Although he did not reside with his father, he gave Ray Valliant's address to school officials so that he could attend school in the district in which the father resided. He remained with his sister until February or April of 1972, only seeing his father occasionally on Sundays. Later he moved in with his father for one or two months before moving in with a friend Buster Anderson. When he left his father's apartment, he took all his belongings and had no intent to ever reside there again. At the time of the battery, he was renting a room for $10 per week from Pam and Wayne Sipher.
The status of a minor as a resident of a household for insurance coverage purposes was discussed at length in Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So.2d 238 (1965). Summarizing the principles applicable, the Supreme Court pointed out domicile does not have the same meaning as residence and that while the domicile of a minor is technically that of his father until majority (unless changed by law), this does not mean the minor's residence is always the same as his domicile. Further, when an insurance policy affords coverage to residents of a household, it does not necessarily include "legal residents" in its definition.
For insurance coverage purposes, the Taylor court cited two interpretations of the meaning of "resident of a household," one is when the resident lives under the same roof and the second is when the family member is temporarily absent. (See cases cited therein at page 243.)
*351 Implicit in the concept of maintaining a residence in a household even though there is a temporary absence is the freedom of the resident to return without making special arrangements to do so and an intent to return. In Taylor, the facts established the minor in question, though absent from his parents' household, was free to return at will; in fact the court termed his absence temporary.
Applying the concepts enunciated in the Taylor case, we conclude that Wayne Valliant was not residing with or temporarily absent from his father's residence. This conclusion is based upon the statements made by the son in his deposition. He stated he lived with his father for "a little better than a month" and after leaving never moved back with him; he left voluntarily; removed all of his personal belongings when he left his father's apartment; was strictly on his own and not subject to his father's authority; did not consider his father's apartment as his own; did not have a key to his father's apartment and "could not come and go as he pleased" after he left; his leaving was his own decision; and finally at the time of the incident he was living with Pam and Wayne Sipher. Therefore, we hold that Wayne was not residing with his father at the time of the alleged battery and is not an insured under the policy.
Appellants argue that the policy affords Ray Valliant general liability coverage; therefore the insurer should not be dismissed because it might ultimately be responsible if the insured is held vicariously liable for his minor son's tort.
C.C. arts. 237 and 2318, when read together, impose absolute liability on the parents of a minor who either negligently commits a tort or causes damages to another. The liability is vicarious and is based on the civilian concept of strict parental authority. Deshotel v. Travelers Indemnity Company, 257 La. 567, 243 So.2d 259 (La. 1971). See also 49 T.L.R. 1194 "Tort Damage Caused by Minors Under the Age of DiscretionStrict Vicarious Liability Imposed on Parents" (1975). This liability does not attach to the parent (1) if the child does not reside with him when the damage to another occurs (Williams v. City of Baton Rouge, 252 La. 770, 214 So.2d 138 [1968]); or (2) if the parent lost custody of the child by a judgment in a suit for separation for divorce. In this case the alleged minor tort-feasor was not under the authority of his father because custody was vested in his mother and his residence was not that of his father either in law or in fact. Watkins v. Cupit, 130 So.2d 720 (La.App. 1st Cir. 1961).
We conclude there is no genuine issue of material fact and that as the record is presently constituted the insurer should be dismissed as a defendant as a matter of law.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.
LEMMON, J., dissents in part and assigns reasons.
LEMMON, Judge, dissenting in part and assigning reasons.
If an insurance policy provides coverage for the named insured's liability, the insurance company may not obtain dismissal from the litigation without having its named insured dismissed.
State Farm moved for a summary judgment on the basis that its policy did not provide coverage to either Ray Valliant, its named insured, or to Wayne Valliant, his son.
I agree that the policy does not provide coverage to Wayne Valliant under the undisputed facts outlined in the majority opinion. Therefore, State Farm is entitled to a partial summary judgment as to its coverage of Wayne Valliant.
However, State Farm's policy unquestionably provides coverage to its named insured for his vicarious liability, which is still at issue in the litigation. It is premature and improper to dismiss an insurer on the basis that its insured is not liable, when its insured's liability has not yet been determined.
*352 I would reverse the judgment (the effect of which is to relieve State Farm of liability if Ray Valliant is ultimately held to be vicariously liable). State Farm can then join with Ray Valliant and either move for summary judgment or defend the suit on the merits, on the basis that the facts of the case do not establish vicarious liability for Wayne Valliant's torts.
Until Ray Valliant's potential vicarious liability is decided, it is improper to dismiss the party that insures that potential liability.
NOTES
[1] Terry Flannigan, a minor when the alleged battery occurred, was substituted as plaintiff in place of his father upon attaining majority.