400 So.2d 225 (1981)
Jerrald C. FLANNIGAN, Individually, and as the administrator of the estate of his son, Terry J. Flannigan and Terry J. Flannigan
v.
Wayne VALLIANT, Ray Valliant and State Farm Insurance Companies.
No. 11686.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1981.
Rehearing Denied July 13, 1981.
*226 Gerald P. Aurillo, Metairie, for Jerrald Flannigan and Terry J. Flannigan, plaintiffs-appellants.
Montgomery, Barnett, Brown & Read, Edward A. Rodrigue, Jr., Daniel Lund, New Orleans, for Adele Valliant and Ray Valliant, defendants-appellees.
Before GULOTTA, BOUTALL and HUGHES (Assigned), JJ.
BOUTALL, Judge.
This appeal arises from a judgment of the trial court which sustained a motion for summary judgment brought by the defendants, thereby dismissing the claims raised by the plaintiffs.
The record reflects that this case was before us on a previous occasion but for different issues. This case arose out of an assault and battery on July 11, 1972 which was allegedly committed by Wayne Valliant upon the plaintiff Terry J. Flannigan. Subsequently, Flannigan filed suit against the minor Wayne Valliant to recover the damages which allegedly resulted from the latter's tortious conduct. Other named defendants included the parents of the minor, namely Ray and Adele Valliant, and their insurer State Farm Fire and Casualty Co. (hereinafter referred to as State Farm). State Farm filed a motion for Summary Judgment based on an exclusion in its policy of insurance with the Valliants. This motion was sustained by the trial court and later affirmed by us at 371 So.2d 349, thereby dismissing State Farm from any liability. Thereafter the parents of Wayne Valliant filed a joint motion for Summary Judgment which was based on an exception to the rule established strict liability against parents for the tortious acts of their minor children. This motion was sustained by the trial court thereby dismissing the plaintiffs' claims against them. From this judgment the plaintiffs have appealed devolutively.
At the time we reached our earlier decision concerning summary judgment as to *227 State Farm we noted some uncontested facts which are directly applicable to the matter before us and which we will adopt here. Ray and Adele Valliant were divorced in 1970. One of the decrees in this judgment awarded the legal custody of the minor child Wayne to the mother Adele Valliant. Wayne resided in his mother's home until 1971 when he moved in with his sister. He continued to reside with his sister until April 1972 after which he moved in with his father for one or two months. Thereafter, Wayne moved in with his friend Buster Anderson. In doing so he took all his belongings from his father's abode and had no intent to ever reside there again. At the time of the battery on July 11, 1972 Wayne was renting a room for $10.00 a week from the Siphers. Hence, he was not residing with either of his parents at that time but nevertheless he remained in the legal custody of his mother.
On appeal the issue before us is whether either or both of the parents are liable for the tortious acts of their minor son, where the latter was not residing with either of them and the mother had legal custody of the son at the time the tort was committed.
The Louisiana Civil Code states that parents are in general liable for the tortious acts committed by their minor children. LSA-C.C. Art. 237 provides:
"Fathers and mothers are answerable for the offenses of quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses."
LSA-C.C. Art. 2318 further states:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
"The same responsibility attaches to the tutors of minors."
The jurisprudence interpreting these statutes has established certain guidelines which are to be used in determining the liability of either or both parents. Generally, for the minor child who resides with his parents, liability for the tortious acts committed by the minor rests with the father. Turner v. Bucher, 308 So.2d 270 (La. 1975). However, where the parental authority of the father has been suspended by the force and effect of law, such as a judgment awarding custody of a minor child to the mother, the father no longer has any liability for the minor's tortious acts. Frazer v. Day, 307 So.2d 733 (La.1975). Liability is transferred to the mother who has custody. Guidry v. State Farm Mutual Automobile Insurance Co., 201 So.2d 534 (La.App. 3rd Cir. 1967). This parental authority or liability is not terminated by the mere physical absence of the minor from the custodial parent's place of abode. Guidry v. State Farm Mutual Automobile Ins. Co., supra; Deshotel v. Casualty Reciprocal Exchange, 350 So.2d 283 (La.App. 3rd Cir. 1977).
With respect to the case before us, we find that the liability of the father for the tortious acts of his minor son was suspended by virtue of the 1970 divorce decree which awarded the custody of Wayne to his mother. There being no genuine issue of material fact as to Ray Valliant, he is entitled to judgment of dismissal as a matter of law. C.C.P. Art. 966.
However, we reach the opposite result with respect to the mother. Since she had legal custody of the minor son at the time of the alleged battery she had parental liability for the son's tortious acts. The fact that Wayne resided outside of the mother's abode does not relieve her of that liability. Under the factual situation stated above, Adele Valliant is not entitled to summary judgment as a matter of law.
Based on the foregoing, we affirm the judgment of the trial court dismissing plaintiff's suit against Ray Valliant. However, we reverse the judgment dismissing the plaintiff's suit against Adele Valliant and we remand this portion of the case to the trial court for further proceedings.
*228 One final point for our consideration concerns the argument raised by both Ray and Adele Valliant that under our original decision in this case, at 371 So.2d 349, neither of them have any liability for the tortious acts of their minor son because the child did not reside with either parent. The language cited by them in support of their contention states:
"This liability under C.C. Art. 2318 does not attach to the parent (1) if the child does not reside with him when the damage to another occurs (Williams v. City of Baton Rouge, 252 La. 700, 214 So.2d 138 [1978]; * * * * *".)
First we point out that the liability of the father's insurer was based only on the father's liability which was held to be eliminated because of the custody decree. The statement stands only as dicta and a statement of law generally from C.C. Art. 2318. Our jurisprudence makes it clear that the residence referred to is legal residence. Toca v. Rojas, 152 La. 317, 93 So. 108 (1922) relied upon in Williams v. City of Baton Rouge, supra.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.