SAMUEL, Judge.
This is an appeal from a judgment on a rule for alimony pendente lite and child support. The matter was heard November 16, 1981, and at the conclusion of the trial the court orally stated from the bench, in pertinent part:
“.. . . it is the judgment of this court that Mr. Harmon pay to his wife all of the medical bills sustained by her and the son and that he pay also $250.00 per week. . . .
Now, let me tell you something else. You are still responsible for all community obligations under the law.”
Counsel for the wife, plaintiff in rule, thereafter prepared and submitted a judgment which was signed by the trial court on November 20, 1981. That signed judgment reads:
“IT IS ORDERED, ADJUDGED AND DECREED, that John Thomas Harmon pay Tianna M. Harmon $250.00 per week child support for the minor child.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that John Thomas Harmon continue to pay any community debts now in existence.”
Thereafter, the husband filed an ex parte motion titled “MOTION TO CORRECT CLERICAL ERROR IN JUDGMENT.” The motion stated the judgment orally rendered on November 16, 1981 was to the effect that the $250 per week was for the support of both the wife and the child and that community debts were still obligations of the community.
On December 1, 1981, without a hearing, the judge then signed the corrected judgment then moved for, which was attached to the defendant’s ex parte motion, changing the first decretal paragraph of the November 20, 1981 judgment to read:
“IT IS ORDERED, ADJUDGED AND DECREED, that John T. Hannon, III, pay unto Tianna M. Harmon the amount of $250.00 per week for support of Tianna M. Harmon and the minor child of the marriage, John T. Harmon, IV.”
The wife has suspensively appealed. In this court she contends the errors complained of are not clerical errors but errors of substance which cannot be corrected ex parte.
We agree the error complained of addresses itself to the substance.[1] Further, it is only the written, signed judgment which is on appeal; what the trial judge said when he orally rendered judgment from the bench is immaterial here.[2]
For the reasons assigned, the judgment appealed from is annulled and set aside and the matter is remanded to the trial court for further proceedings in accordance with law and with the views herein expressed.
JUDGMENT ANNULLED; MATTER REMANDED.

. LSA-C.C.P. Art. 1951; Hebert v. Hebert, La. App., 351 So.2d 1199.

. Hebert v. Hebert, supra, note 1.