430 So.2d 343 (1983)
AUDUBON INSURANCE COMPANY, Plaintiff-Appellant,
v.
Roy FULLER, et al., Defendants-Appellees.
No. 82-751.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
*344 Watson, Murchison, Crews, Arthur & Corkern, Ronald Corkern, Jr., Natchitoches, for plaintiff-appellant.
Whitehead & McCoy, Charles R. Whitehead, Jr., Michael Bonnette, Natchitoches, for defendants-appellees.
Fred Bates, Jr., in pro. per.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Summary judgment was granted holding a defendant-father not answerable for the tortious act of a minor son under these assumed factual circumstances: the father and mother were divorced; the judgment of divorce granted custody to the mother; the child at the time of the tort was living with the father. Plaintiff appealed. Because of our finding that the judgment of divorce granted divided custody, and because the evidence on which the motion for summary judgment was presented to the trial court is insufficient for us to determine who had legal custody at the time of the tortious act, we find that a genuine issue of material fact exists which renders summary judgment inappropriate. We accordingly reverse and remand for further proceedings.
The summary judgment motion arose out of a suit filed by appellant Audubon Insurance Company. Audubon, a homeowner's insurer, became subrogated to the rights of its insured for losses ($5,369) resulting from a house burglary which occurred on March 31, 1978. Audubon sued the fathers of three minors who had allegedly committed the burglary alleging that the fathers were legally responsible for any liability arising out of the tortious conduct of their minor children. Audubon did not allege any acts of negligence on the part of the fathers.
One parent, Dr. William A. Hunt, filed a motion for summary judgment contending that he was not responsible because he and the boy's mother were divorced and she had legal custody.
At the hearing on the motion the parties stipulated that Mary Jane Hunt and Dr. William A. Hunt were divorced; that Richard Hunt (the child) had been residing with his father in Natchitoches for several months prior to this incident and was enrolled in high school there; and that the boy was residing with the father at the time of the alleged tort.
The divorce decree was filed with the motion. It shows that the father and mother were divorced on March 15, 1972, by judgment of the District Court of Cleveland County, State of Oklahoma. The judgment essentially awarded the custody of the children, including Richard Hunt, to the mother. However, the judgment also contained the following language:
"That the defendant [father] shall have reasonable rights of visitation and shall have custody of the children during the defendant's vacation for a period not to exceed three months. The defendant shall not make support payments during such periods of custody."
The trial court apparently gave no consideration to the quoted language when it sustained the father's motion for summary judgment dismissing appellant's demands.
*345 Appellee argues that under Civ. Code art. 2318 after a judgment of divorce only the parent with legal custody of the child can be vicariously liable for the tortious acts of that child. We agree. However, considering the divided custody provision of the divorce decree in this case we are unable to determine which parent had legal custody at the time of the alleged burglary.
The Louisiana Civil Code states that parents are in general liable for the tortious acts committed by their minor children. LSA-Civ.Code art. 237 provides:
Fathers and mothers are answerable for the offenses or quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses.

LSA-Civ.Code art. 2318 further states:
The father, or* after his decease, the mother, are responsible for the damage occasioned by their minor or** unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors.
We agree with Flannigan v. Valliant, 400 So.2d 225 (La.App. 4th Cir.1981) writ denied 406 So.2d 611 (La.1981) which stated:
The jurisprudence interpreting these statutes has established certain guidelines which are to be used in determining the liability of either or both parents. Generally, for the minor child who resides with his parents, liability for the tortious acts committed by the minor rests with the father. Turner v. Bucher, 308 So.2d 270 (La.1975). However, where the parental authority of the father has been suspended by the force and effect of law, such as a judgment awarding custody of a minor child to the mother, the father no longer has any liability for the minor's tortious acts. Frazer v. Day, 307 So.2d 733 (La.1975). Liability is transferred to the mother who has custody. Guidry v. State Farm Mutual Automobile Insurance Co., 201 So.2d 534 (La.App. 3rd Cir.1967). This parental authority or liability is not terminated by the mere physical absence of the minor from the custodial parent's place of abode. Guidry v. State Farm Mutual Automobile Ins. Co., supra; Deshotel v. Casualty Reciprocal Exchange, 350 So.2d 283 (La.App. 3rd Cir.1977).
In Flannigan, supra, the court determined that the liability of the father for the tortious acts of his minor son was suspended by virtue of the divorce decree which awarded the custody of the son to his mother and that the father was entitled to a judgment of dismissal on his motion for summary judgment. However, in that case the minor son was not living with his father at the time of the alleged incident. It is clear from Flannigan, supra, that the custodial parent is vicariously liable for the tortious conduct of a minor child even though the child is physically absent from the custodial parent's place of abode.
On appeal appellant argues that since the minor son was living with his father under his care and supervision at the time of the alleged incident the father should also be vicariously liable under LSA-Civ.Code arts. 237 and 2318. We disagree. The parent's liability under art. 2318 is vicarious and his liability is not based upon the presumption of fault for having failed to properly supervise and train the minor. Deshotel v. Travelers Indemnity Company, 231 So.2d 448 (La.App. 3rd Cir.1970), affirmed 243 So.2d 259 (La.1971); and Deshotel v. Casualty Reciprocal Exchange, 350 So.2d 283 (La. App. 3rd Cir.1977); writ denied 352 So.2d 1037 (La.1977).
In Deshotel v. Casualty Reciprocal Exchange, supra, this court was confronted with an analogous situation. In that case the plaintiff brought suit against the father of the minor although the father and mother had separated in fact and the son had remained with the mother and physically resided with her at the time of the accident. The suit was amended to make the mother a defendant on the ground that the minor was in the mother's custody. This court in *346 discussing the parents' liability determined that the provision of LSA-Civ.Code art. 2318 "which appeared to hinge the liability of a parent for the torts of a minor child upon his (minor's) residing with him, or her as the case may be, does not refer to actual place of physical residence in all cases." The court found that even though the minor was physically residing with the mother he could have no other domicile than that of his father based on LSA-Civ.Code art. 39 since the mother had not obtained a custody award incident to a suit of separation or divorce. In holding that only the father was liable for the torts of the minor child under art. 2318 the court stated:
We hold that the responsibility of the father under Article 2318, where it has not passed to the mother, remains fixed irrespective of actual residence, and liability continues with the only exception being those cases where the State has exercised its sovereign right and power and has superseded parental authority. In such cases the authority and liability of the parent is suspended.
Considering the Flannigan and Deshotel cases, supra, we agree with the decision of the trial court to the extent that the responsibility of the custodial parent under art. 2318 remains fixed irrespective of the actual residence, and that the parental responsibility under art. 2318 of the non-custodial parent has been suspended by the force and effect of law regardless of the actual residence of the child.
In the present case, however, the motion for summary judgment fails to establish that the father did not have legal custody of the minor at the time of the alleged incident. The parties stipulated that the minor was residing with the father at the time of the burglary. The divorce decree provided that the father would have custody of the minor child during the father's vacation for a period not to exceed three months, and that the mother would have custody of the children for the other nine months or more during each year. The divorce judgment did not specify which months of each year the father was to be given custody and the parties did not stipulate at the hearing on the motion that at the time of the alleged incident the father did not have legal custody of Richard. Since there is still a genuine issue of material fact as to whether Dr. Hunt had legal custody of his minor son at the time of the alleged incident, the trial court erred in granting his motion for summary judgment. LSA-C.C.P. art. 966.
For the reasons assigned the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.