439 So.2d 501 (1983)
Rodney J. MYER
v.
Jo Ann Roberts Myer PAGAN.
No. 82 CA 1066.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Rehearing Denied November 22, 1983.
*502 Jonathan R. Schmidt, Hammond, for plaintiff-appellee.
Curtis M. Baham, Jr., Hammond, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This action commenced as a suit by a husband against his ex-wife for damages for breach of a usufruct agreement and for partition by licitation of the community property matrimonial domicile. The only issues in this suspensive appeal by the wife are (1) whether the husband is entitled to rent from the wife for use of the matrimonial domicile after the usufruct agreement terminated, and (2) can a trial court amend a final judgment to recognize such a claim.

FACTS
Rodney J. Myer (husband) and Jo Ann Roberts Myer (wife) were legally separated on June 23, 1973. On January 23, 1974, they entered into a contractual agreement wherein the husband granted to the wife a usufruct over the matrimonial domicile located at 608 Susan Drive in the City of Hammond, Parish of Tangipahoa, Louisiana. The term of the usufruct was for twenty years or until the wife's remarriage, death or abandonment of the property, whichever came first. The usufruct was conditioned upon the premises being used for the personal use of the wife and the minor children of the parties. The contract specifically stipulated that the premises subject to the usufruct could not be rented or leased and that no other individual could enjoy the use thereof. The wife agreed to pay all mortgage installment payments, taxes, appropriate insurance premiums and to make the usual repairs necessary to keep the premises in good order.
On April 13, 1979, the wife married Harold Pagan. The parties apparently attempted to negotiate a settlement of the ownership of the matrimonial domicile but were unsuccessful. On October 24, 1979, the husband instituted this suit.
In his reasons for judgment issued on September 9, 1981, the trial judge made the following findings and rulings:
1. The contractual usufruct by the husband in favor of the wife expired on her remarriage on April 13, 1979;
2. The husband and wife were owners in indivision of an undivided one-half interest each in the matrimonial domicile, the property was not susceptible to division in kind and the husband was entitled to a partition by licitation;
3. The value of the property at the time of trial was $54,000.00;
4. The fair rental value of the property from April 13, 1979, to date was *503 $400.00 per month and the husband was entitled to one-half of that amount from the date of remarriage until the wife vacated the property or it was sold;
5. The wife was entitled to reimbursement from the husband of one-half of the mortgage payments, taxes and insurance paid from April 13, 1979, until the property was sold;
6. The husband's claim for attorney fees was rejected; and
7. The wife was cast for all costs of the proceedings.
The formal judgment was read and signed on November 9, 1981, and included the rulings reflected in the reasons for judgment, except that no mention was made of the husband's entitlement to a fair rental value of $200.00 per month from April 13, 1979, until the wife vacated the property or the property was sold. There was no appeal from this judgment, and it became final.
On June 2, 1982, the property was sold at public auction to the husband for $52,000.00. Also on June 2, 1982, after the sheriff's sale was completed, the wife filed a rule for distribution of the proceeds of the sheriff's sale and asserted a claim for the mortgage payments, taxes and insurance on the premises paid by her from April 13, 1979, through the date of the sale. The husband filed an answer to the rule and asserted that, even though his claim for reimbursement of rent was inadvertently omitted from the final judgment, he was entitled to credit for this claim in the distribution of the proceeds. The husband also claimed that he was entitled to reimbursement for the cost of an air-conditioning system that was removed from the premises prior to the sale. These rules were heard in the trial court on August 13, 1982.
On October 13, 1982, the trial court rendered judgment on the rules as follows:
1. The wife's rule was dismissed with prejudice at her costs;
2. The husband's rule was dismissed with prejudice at his costs;
3. The judgment of November 9, 1981, (referred to by the trial court as the judgment of September 9, 1981) was ordered amended to allow the husband reimbursement of $200.00 per month from April 13, 1979, until the wife vacates the subject property or the same is sold, whichever occurs first, and dividing the sheriff's costs, including commission and advertising, equally between the husband and wife.
The wife suspensively appealed only that portion of the judgment granting the husband reimbursement for rental of the premises. (According to the sheriff's distribution summary, these rentals totaled $8,794.96.) The husband has not appealed or answered the appeal.

SUBSTANTIVE AMENDMENT OF FINAL JUDGMENT
The wife contends that the action of the trial court on October 13, 1982, granting the husband reimbursement for rental on the property effects a substantial amendment to the judgment of November 9, 1981, and thus is not authorized by law.
La.C.C.P. art. 1951 provides as follows:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
(Emphasis added).
The judgment of November 9, 1981, became final as to both parties when it was not timely appealed. The attempted amendment of this judgment by the trial court in October of 1982 was substantive and expressly prohibited by law. La.C.C.P. art. 1951, cf. Hebert v. Hebert, 351 So.2d 1199 (La.1977); Zeigler v. Zeigler, 420 So.2d 1342 (La.App. 3rd Cir.1982). The trial court's reasons for judgment are not controlling. Harmon v. Harmon, 416 So.2d 614 (La.App. 5th Cir.1982).

*504 CONCLUSION
For the foregoing reasons, the judgment of the trial court granting reimbursement to the husband for rental from the wife on the community property matrimonial domicile is reversed and that portion of the husband's claim is dismissed with prejudice. The husband is to pay all costs of this appeal.[1]
REVERSED

ON APPLICATION FOR REHEARING
PER CURIAM
The decision of this court was rendered on October 11, 1983, and mailed that same date. This application for rehearing was filed on November 9, 1983. Pursuant to La.C.C.P. art. 2166, as amended by Act 451 of 1983 and effective August 30, 1983, an application for rehearing must be filed within fourteen days of the mailing of the notice of judgment and the opinion of this court. This application is not timely.
NOTES
[1] Even if the trial court had validly amended the final judgment, the husband could not prevail. When the contractual usufruct terminated, the husband and wife were owners in indivision of the matrimonial domicile and each was entitled to possess or use the common property without the obligation to pay rent. Lentz v. Lentz, 411 So.2d 59 (La.App. 4th Cir. 1981); Guilott v. Guilott, 326 So.2d 551 (La. App. 3rd Cir.1976), writ refused 330 So.2d 316 (La.1976); Arcemont v. Arcemont, 162 So.2d 813 (La.App. 4th Cir.1964). cf. Juneau v. Laborde, 228 La. 410, 82 So.2d 693 (1955).