FRED W. JONES, Jr., Judge.
James A. Barron sued State Farm Mutual Automobile Insurance Company under the medical payments provision of an insurance policy that was in effect on a vehicle that Barron’s minor daughter, Barbara, was driving when she was injured. The trial judge found the nonpayment by State Farm to be arbitrary and capricious and awarded the father the amount sued for, 100% in penalties, and $7,000 attorney fees. State Farm appealed. We affirm in part and reverse in part.
James A. Barron and Ruby Irene Kirkland Barron were divorced in Mississippi on December 13, 1974. Pursuant to the judgment of divorce, Mrs. Barron, now Mrs. Phillips, received legal custody of the two minor children of the marriage, Barbara Jean Barron (born September 30, 1964) and Marie Barron (born December 23, 1965). In 1979, both of the girls moved to live with their father. From 1979 until the accident on April 20, 1981, Barbara was in the physical custody of Mr. Barron.
On April 20,1981, Barbara, then 16 years old, was driving a pickup truck belonging to Hershel Cloud, the brother-in-law of Mr. Barron. For reasons undisclosed in the record, the truck went out of control and Barbara was severely injured. Mr. Barron checked Barbara into Winnfield General Hospital where he signed a guarantee of payment. Barbara was later transferred to St. Francis Cabrini Hospital in Alexandria where Mr. Barron again signed a guarantee of payment. Mr. Barron did in fact pay both of those bills.
Hershel Cloud notified his insurance company, State Farm, of the accident. Berle Palmer, a claims adjuster for State Farm, contacted Mr. Barron and told him that the policy would cover medical payments “to and for” Barbara to the extent of $25,000. Palmer sent Mr. Barron drafts that reimbursed him for $1,000 of the bills he had paid.
Mrs. Phillips, through Alexandria counsel, made demand on State Farm for the amount of the medical bills. The file was then transferred to a State Farm claims *372 adjuster in Alexandria. Upon presentation of a copy of the 1974 custody decree and a copy of the hospital bill from St. Francis Cabrini for $12,540.90, State Farm issued a draft, dated November 19, 1981, payable to the attorney and Mrs. Phillips jointly.
The Alexandria claims adjuster admitted that he did not check with the hospital to see who paid the bill. He also admitted that he had in his possession the file that showed prior bills being reimbursed to Mr. Barron. He had himself sent drafts to Mr. Barron.
The facts of this case are further complicated in that James Barron received legal custody of Barbara Barron pursuant to a judgment signed September 22,1981. Consequently, Barron actually had legal custody when the draft was issued to Ruby Phillips.
Counsel for State Farm places great weight on the fact that Ruby Phillips had legal custody at the time of the accident, at the time of admission to the hospital, and at the time of release from the hospital. Counsel cites two cases in support of his argument that the insurance company properly paid the person who was the legal custodian at the time the bills were incurred rather than ascertaining who actually paid the bills.
The first case cited is Flannigan v. Valliant, 400 So.2d 225 (La.App. 4th Cir.1981). In Flannigan, a child who was not living with either parent at the time he committed a tort was held to be the legal responsibility of the parent with legal custody and not the liability of the noncustodial parent. This case is readily distinguishable. Flan-nigan does not decide liability between the parent with physical custody and the parent with legal custody. Furthermore, it discusses the tort liability of a parent under Civil Code Articles 237 and 2318, not the liability for a debt incurred on behalf of a child.
The second case cited is South Jefferson General Hospital v. Connors, 341 So.2d 637 (La.App. 4th Cir.1977). In South Jefferson, the court held that a parent who did not have physical or legal custody of a child was not directly liable to a hospital for the bills incurred on behalf of that child. The court based its reasoning on the obligation of the noncustodial parent to pay child support to the custodial parent who can sue for an increase in child support in the event of extraordinary expenses. In South Jefferson, the parent with legal and physical custody checked the child into the hospital and guaranteed payment of the bills. In the case before us, the parent with physical custody checked the child into the hospital and guaranteed payment without consulting the parent with legal custody.
Counsel argues that if Mr. Barron had not paid St. Francis Cabrini Hospital, the hospital could have sued Mrs. Phillips as the legal custodian of the child. This argument has no merit. First, it is merely hypothetical and not based on the facts as they existed. In fact, at the time the draft was issued to Mrs. Phillips she was not subject to suit because the bill had been paid. Second, the contract with the hospital was made by Mr. Barron and he was obligated to pay it regardless of Mrs. Phillips’ hypothetical liability. It is clear that Mr. Barron was liable for the hospital bill and paid it, while it is not clear that Mrs. Phillips was liable at all.
The primary issue in this case is whether State Farm discharged its obligation under the insurance policy to make medical payments “to and for” Barbara Barron. We hold that State Farm did not discharge this obligation and affirm the trial court’s finding that James A. Barron was the proper person to pay. The bills in question were incurred on behalf of Barbara Barron. The hospital could have collected from State Farm directly. By paying the bills, James Barron was subrogated to the hospital’s right to collect from State Farm. Consequently, State Farm could only extinguish the obligation by paying Mr. Barron.
The secondary issue in this case is whether State Farm was arbitrary and capricious in its nonpayment of the hospital bill to Mr. Barron. The record indicates that State Farm was in complete good faith. State Farm was informed by Barron *373 that his former wife had custody of the child. Further, the company was furnished with a copy of the custody judgment and with the amount of the large hospital bill. Under the circumstances it is understandable that the company made the mistake of paying Mrs. Phillips. We find that this mistake was not arbitrary and capricious, therefore penalties and attorney fees were erroneously granted by the trial court.
For these reasons, we affirm the trial court judgment insofar as it rules State Farm liable to James A. Barron for medical payments not reimbursed. We reverse insofar as penalties and attorney fees were granted. The costs of appeal are to be divided evenly between appellant and ap-pellee.
HALL, J., concurs in the result.