468 So.2d 1314 (1985)
Audrey SHATOSKA, wife of/and Lynn SHATOSKA, individually and as administrators of the estate of their minor child, Tracy Shatoska
v.
James "Jim" WHIDDON, individually and as administrator of the estate of his minor child, Brad Whiddon, State Farm Fire & Casualty Company and Dairyland Insurance Company.
No. 84 CA 0301.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
Writ Denied June 17, 1985.
*1315 Edward A. Shamis, Jr., Slidell, for plaintiffs-appellants, Audrey Shatoska, wife of/and Lynn Shatoska, Ind., & administrators of the estate of their minor child, Tracy Shatoska.
John Dale Powers, Baton Rouge, for defendants-appellees, James "Jim" Whiddon and State Farm Fire Casualty Co.
Paul Marks, Jr., Baton Rouge, for defendant-appellee, Dairyland Ins. Co.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This is an appeal by plaintiffs from the trial judge's granting of motions for summary judgment.

FACTS
On or about October 23, 1981, Tracy Shatoska was injured in an accident when the motorbike on which she was riding was driven into the path of a pick-up truck. The motorbike was owned by James Whiddon and, at the time of the accident, was being driven by his minor son Brad Whiddon.
Suit was filed by Lynn and Audrey Shatoska, individually and on behalf of their minor child, Tracy, against James Whiddon, Brad Whiddon, State Farm Fire and Casualty Company (State Farm), Whiddon's homeowner's insurer, and Dairyland Insurance Company, Whiddon's uninsured motorist insurer.[1] In their petition, plaintiffs *1316 alleged liability on the part of James Whiddon as follows: (1) vicarious liability for the negligence of his minor son; (2) liability for his own independent negligence in failing to properly supervise his minor son; and (3) liability as administrator of the estate of Brad Whiddon.
State Farm filed a motion for summary judgment on August 25, 1983. A supplemental motion for summary judgment was filed by State Farm on behalf of James Whiddon on October 7, 1983. This supplemental motion alleged that James Whiddon was not responsible for the tortious acts of his minor child because custody of the minor child had been awarded to the mother. A hearing on both motions was held on October 28, 1983.
The trial judge, for written reasons assigned, found that, as a matter of law, James Whiddon was not vicariously liable for the tortious conduct of his minor son. Additionally, the trial judge found that since the accident occurred (1) out of the operation of a motor vehicle, (2) by an insured, and (3) off the insured premises, the exclusionary clause of the State Farm policy is applicable. A formal judgment signed on December 19, 1983, dismissed plaintiffs' suit with prejudice.
From this judgment, plaintiffs appeal.[2]

Terms of Judgment
The trial judge's written reasons for judgment clearly demonstrate he found no genuine issue of material fact as to Whiddon's vicarious liability for the negligence of his minor son and the liability of State Farm. Therefore, the trial judge granted the motions for summary judgment on behalf of Whiddon and State Farm. However, the formal judgment rendered by the trial judge provided:
IT IS ORDERED, ADJUDGED AND DECREED that the summary judgment, filed on behalf of defendants, James "Jim" Whiddon and State Farm Fire & Casualty Company, and it is hereby granted, and plaintiffs' suit is dismissed, with prejudice, at plaintiffs' costs. (Emphasis added)
For purposes of this appeal, the trial court judgment is controlling, even though the trial judge may have intended otherwise. Hebert v. Hebert, 351 So.2d 1199 (La.1977); Sibley v. Insured Lloyds, 442 So.2d 627 (La.App. 1st Cir.1983); Myer v. Pagan, 439 So.2d 501 (La.App. 1st Cir. 1983).

Summary Judgment
Summary judgment should be granted if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Manzella v. Terrebonne Parish Police Jury, 432 So.2d 414 (La.App. 1st Cir.1983).
In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Chaisson v. Domingue, supra.

A. Vicarious liability of James Whiddon for acts of his minor son.
In his written reasons for judgment, the trial judge stated:
Brad's mother was awarded legal custody, care and control of Brad Whiddon on October 27, 1980 by judgment in Family Court of East Baton Rouge Parish, Baton Rouge, Louisiana. The entire suit record was entered into evidence at the time of the hearing. The custody decree was still in effect at the time of the accident. Any liability, if any, of Jim Whiddon for the tortious acts of his minor son was suspended by virtue of the 1980 custody decree. Frazer vs Day, 307 So.2d 733 (La.1977 [1975]); Guidry v. State Farm Mutual Automobile Insurance Company, 201 So.2d 523 [534] (La.App. 3rd Cir.1967); Flannigan vs Valliant, 400 So.2d 225 (La.App. [4th *1317 Cir.] 1981). Thus, Jim Whiddon has no vicarious liability for the tortious acts of his minor son Brad as a matter of law.
A thorough review of the record convinces us that the trial judge was correct in determining that Jim Whiddon is not vicariously liable for the tortious acts of his minor son as a matter of law.

B. Liability of State Farm
In his written reasons for judgment, the trial judge stated:
Defendants assert that under the terms of the policy, the homeowner's policy excludes coverage for accidents arising out of the use of motor vehicles. On page 8 of the policy is found:
Coverage LPersonal Liability and Coverage MMedical Payments to Others do not apply to:
. . . . .
e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:...
(2) a motor vehicle owned or operated by, or rented or loaned to any insured; ...
Defendant Whiddon contends that he gave the motorbike to his son Brad. (Whiddon's Deposition pages 6-7). Page 2 of the policy defines `insured' in the following manner:
3. `insured' means you and the following residents of your household:
a. your relatives; ...
Residence and domicile are not synonomous. Bond v. Commercial Union Assurance Company, 407 So.2d 401 (La. 1981). According to Jim Whiddon's deposition, page 11, the minor Brad was living with his father.
Q. Okay, on the day of the accident, October 23rd of 1981, you did state that Bradleyhis full name is Bradley?
A. Right.
Q. that Brad was living with you all?
A. He was living with me at the time.
Q. Okay. Was your wife living with you at the same time?
A. No, she was not.
Q. And had you commenced domestic proceedings at that time; were any lawsuits pending?
A. We were legally separated at the time; divorce had been filed for; and, like I said, she had legal custody at the time of him and the other kids. I was fighting it. She left the kids, and I took them in and went through the court proceedings of getting custody of them.
A `motor vehicle' is defined in the policy as `... a motorized bicycle, tricycle or similar type of equipment owned by any insured while off an insured location ...' Insured location is defined on page 2 of the policy and is limited to the following premises or residences.
4. `insured location' means:
a. the residence premises;
b. the part of any other premises, other structures, and grounds, used by you as a residence or which is acquired by you during the period this policy is in effect for you as a residence;
c. any premises used by you in connection with the premises included in 4a or 4b;
d. any part of a premises not owned by any insured but where any insured is temporarily residing;
e. vacant land owned by or rented to any insured other than farm land;
f. land owned by or rented to any insured on which a one or two family dwelling is being constructed as a residence for any insured; ...
Plaintiff's petition alleges that the accident occurred when Brad Whiddon entered onto Parkview Church Road from a field and/or lot that was immediately adjacent to Parkview Church Road. Further, page 7 of the deposition of Mr. Jim Whiddon also provides that the accident occurred on the service road coming into the apartments. At the hearing of the motion for summary judgment, defendants offered the survey plat map for the apartments and the church and demonstrated to this court that the road was *1318 neither a part of the apartment complex nor the church property, but a dedicated road in East Baton Rouge Parish.
Since the accident occurred (1) out of the operation of a motor vehicle, (2) by an insured, and (3) off the insured's premises, the exclusionary clause is applicable whether Tracy was contributorily negligent or not. This court's finding is further supported by Hill v. Liberty Mutual Insurance Company, 357 So.2d 61 (La.App. 4th Cir.1978).
A careful examination of the record reveals that the trial judge correctly determined that the exclusionary clause of the State Farm policy is applicable and that, as a result, State Farm is not liable to plaintiffs as a matter of law.

C. Whiddon's liability in his representative capacity as administrator of child's estate
The Louisiana Supreme Court in Frazer v. Day, 307 So.2d 733, 735-736 (La.1975), as to liability of a father in his representative capacity as administrator of the child's estate, stated:
Article 221 of the Louisiana Civil Code provides that the father's administration of the child's estate ceases upon judicial separation from bed and board. Pleading the lack of representative capacity, however, is governed by the provisions of the Louisiana Code of Civil Procedure. In reference to procedural capacity, the Louisiana Code of Civil Procedure provides:
Article 855:
`It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a legal entity or an organized association of persons made a party. Such procedural capacity shall be presumed, unless challenged by the dilatory exception.'
Article 926:
"The objections which may be raised through the dilatory exception include, but are not limited to, the following:
* * * * * *
(6) Lack of procedural capacity;
* * * * * *
All objections which may be raised through the dilatory exception are waived unless pleaded therein.'
Article 928:
`The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order....'
These articles stipulate that the lack of procedural capacity must be raised in a dilatory exception pleaded prior to answer. If the objection is not timely pleaded in a dilatory exception, it is waived. See Jefferson v. Jefferson, 246 La. 1, 163 So.2d 74 (1964); Cartwright v. Puissigur, 125 La. 700, 51 So. 692 (1910).
In the case sub judice, James Whiddon failed to raise the issue by dilatory exception and, therefore, waived the right to object to the lack of procedural capacity. Therefore, James Whiddon, as administrator of the estate of his minor child Brad Whiddon, remains a viable party defendant. The trial court erred in granting a summary judgment as to the liability of James Whiddon as administrator of the estate of his minor child Brad Whiddon.

D. Liability of James Whiddon for his own independent negligence
Plaintiffs contend that James Whiddon is liable to them for his own independent negligence under LSA-C.C. art. 2315 for failing to properly supervise his minor child. Plaintiffs contend that there are genuine issues of material fact still in dispute as to whether the motorbike was "secured" when James Whiddon was at work.[3]
*1319 In his deposition, James Whiddon testified that Brad had been instructed not to ride the motorbike when his father was away. Additionally, Mr. Whiddon testified that while he was away, he secured the bike with a rope through the spokes to insure that the bike was not used during his absence. However, Brad Whiddon, in his deposition, stated that on the day of the accident the motorbike had not been secured.
In determining negligence liability, the courts of this State have adopted a duty-risk analysis approach. See Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). To hold the defendant liable for his negligence, each of the following questions must be answered in the affirmative: 1) do the risks and harm encountered by plaintiff fall within the protection of a legal duty owed to plaintiff by defendant; 2) was defendant negligent, i.e., did defendant breach the duty owed to plaintiff; 3) was defendant's action a cause-in-fact of plaintiff's injury; and, 4) was plaintiff damaged by defendant's conduct. Dixie Drive It Yourself Sys. v. American Beverage Co., supra.

Did defendant owe a duty to plaintiffs?
Under the uncontested facts before us, we find no independent duty on the part of James Whiddon to plaintiffs. Therefore, we find that reasonable minds must inevitably conclude that, as a matter of law, James Whiddon is not liable to plaintiffs under LSA-C.C. art. 2315.

CONCLUSION
The trial judge correctly determined that there were no genuine issues of material fact with reference to the liability of State Farm and the independent and vicarious liability of James Whiddon. However, material facts remain at issue as to the liability of Whiddon as administrator of his minor child's estate. The trial judge erred in granting the summary judgment in that respect.
For the above reasons, the judgment of the trial court is affirmed as a partial summary judgment[4] insofar as it granted summary judgment in favor of State Farm and James Whiddon for independent and vicarious liability. In all other respects, the judgment of the trial court is reversed, and the case is remanded for proceedings consistent with the views expressed herein. Costs of this appeal are assessed against James Whiddon as administrator of the estate of his minor child Brad Whiddon. Further assessment of costs to await termination of the litigation.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] By judgment of dismissal dated April 6, 1983, plaintiffs' suit against Dairyland Insurance Company was dismissed with prejudice. No appeal was taken from this judgment, and it is not before us on appeal.
[2] Plaintiffs alleged two assignments of error. Although we will not address each assignment individually, the opinion adequately addresses all issues raised by plaintiffs.
[3] In brief, counsel for defendants contend that plaintiffs' petition fails to allege a cause of action against James Whiddon for his own independent negligence. Under LSA-C.C.P. art. 927, this peremptory objection may be noticed by the trial or appellate court of its own motion.

Although permitted to notice such objections, we have decided against noticing ex proprio motu the exception of no cause of action in the instant case.
[4] LSA-C.C.P. art. 966; Ricard v. State, 390 So.2d 882 (La.1980); Terrebonne Bank & Trust Co. v. Lacombe, 464 So.2d 753 (La.App. 1st Cir.1984).